551 A.2d 333

Barbara J. Keith, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 16, 1988, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard A. Katz,* for petitioner.

*Cynthia White Williams,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 2, 1988:

Barbara J. Keith (Petitioner) appeals from a decision of the executive secretary of the Department of Public Welfare (DPW) denying her request for reconsideration of a decision of DPW's Office of Hearings and Appeals (OHA) affirming a hearing officer's decision that Petitioner had received an overissuance of food stamps. We affirm the denial of reconsideration.

The Lancaster County Assistance Office (CAO) determined that Petitioner had received an overissuance of food stamps for the period of March 1 to June 30, 1987 because a member of her household, her granddaughter, had received wages from a part-time job which Petitioner had not reported to the CAO. The overissuance was to be recouped by decreasing Petitioner's food stamp allotment. Petitioner appealed this decision. After a fair hearing, the hearing officer concluded that the CAO decision was correct. Petitioner sought review of this determination by DPW's Office of Hearings and Appeals (OHA).

On November 24, 1987, OHA issued a final administrative order affirming the hearing officer's decision. The OHA order also informed Petitioner that she could seek reconsideration of the order from DPW's executive secretary within 15 days of the date of the order and could appeal the decision to this court within 30 days of the date of the order. Petitioner sought reconsideration of the order on December 6, 1987, which was within 15 days. Petitioner filed *no* appeal from the November 24, 1987 decision with this court. DPW denied Petitioner's request for reconsideration on December 30, 1987.

Petitioner filed an appeal of the December 30, 1987 order to this court on January 29, 1988. Petitioner requests that this court reverse the decision that she received an overissuance of food stamps and order that all food stamps allotments which have been recouped from

her be returned. As explained below, we may not grant this relief because our scope of review in this case is limited to determining whether DPW's executive secretary abused his discretion when he denied Petitioner's request for reconsideration. The only relief which we could grant would be a reversal of the denial of the request for reconsideration.

When DPW's OHA issues a final order, four scenarios are possible. First, the aggrieved party could do nothing. Second, the aggrieved party could appeal the final order to this court within 30 days. Third, the aggrieved party could seek reconsideration of the final order from DPW's executive secretary within 15 days. Fourth, the aggrieved party could seek reconsideration of the final order from DPW's executive secretary within 15 days *and* appeal the final order to this court within 30 days. The third and fourth scenarios have played a major role in a number of appeals to this court involving DPW. This opinion will attempt to put those two scenarios in perspective.

If a request for reconsideration of a final order is made within 15 days of the order, but no appeal of that order is filed with this court, DPW's executive secretary has 30 days *from the date of the request* in which to act on the request. 1 Pa. Code §35.241(d).[1] Failure to act within 30 days results in the request being deemed denied. *Id.* The effect of 1 Pa. Code §35.241(d) is to give DPW's executive secretary a maximum of 45 days from the date of a final order in which to act on a request for reconsideration. However, when both a request to

---

[1] 1 Pa. Code §35.241(d) states:
Unless the agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed, or within the lesser time as may be provided or prescribed by law, the application shall be deemed to have been denied.

DPW's executive secretary for reconsideration of a final order *and* an appeal of that final order is filed with this court, DPW's executive secretary has *30 days from the date of the final order* in which to act on the request. Pa. R. A. P. 1701(b);[2] *see Monsour Medical Center v. Department of Public Welfare,* 111 Pa. Commonwealth Ct. 359, 533 A.2d 1114 (1987); *Ormes v. Department of Public Welfare,* 98 Pa. Commonwealth Ct. 588, 512 A.2d 87 (1986).[3]

The difference between the two scenarios with respect to the time in which DPW's executive secretary

---

[2] Pa. R. A.P. 1701(b) states, in pertinent part:

**Authority of a trial court or agency after appeal.**

After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) An application for reconsideration of the order is filed in the trial court or other governmental unit within the time provided or prescribed by law; and

(ii) An order expressly granting reconsideration of such prior order is filed in the trial court or other governmental unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration . . . shall render inoperative any such notice of appeal or petition for review of a quasijudicial order heretofore or thereafter filed. . . . Where a timely order of reconsideration is entered . . . , the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration. . . .

[3] For more detailed discussion and an extensive list of cases discussing this proposition *see* 1 Darlington, Pennsylvania Appellant Practice §1701:19 (1986) and the most recent cumulative supplement thereto.

has to act on a request for reconsideration is 15 days. When no appeal of a final order is filed with this court, DPW's executive secretary retains jurisdiction to act on a request for reconsideration of a final order for a maximum of 15 days longer than when an appeal of that final order has been filed with this court.[4] In the instant case, *no* appeal of OHA's final order was filed with this court. DPW's denial of Petitioner's reconsideration request was within 30 days of the request.

The more significant difference between scenarios three and four is that by filing *no* appeal of the final order with this court, the aggrieved party in scenario three loses the right to have this court review the merits of the final order should DPW's executive secretary deny the request for reconsideration of the final order more than 30 days after the date of the final order. Such is the situation present in this case. The final order was issued on November 24, 1987; DPW's executive secretary denied reconsideration on December 30, 1987—6 days after the expiration of time in which to file an appeal from the final order. Petitioner filed a timely appeal of the December 30, 1987 denial of reconsideration with this court.

A governmental unit's denial of reconsideration, unlike a trial court's denial of reconsideration,[5] is an appealable order. *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources,* 77 Pa. Commonwealth Ct. 114, 465 A.2d 108

---

[4] This is not a unique situation. Section 426 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §871, permits the Workmen's Compensation Appeal Board to grant rehearing in a case in which it has issued a final order for eighteen *months* after the order, even if an appeal has been taken.

[5] *See Nalbone v. Borough of Youngsville,* 104 Pa. Commonwealth Ct. 623, 625 n.2, 522 A.2d 1173, 1175 n.2 (1987).

(1983); *Muehleisen v. State Civil Service Comm'n,* 66 Pa. Commonwealth Ct. 95, 98 n.5, 443 A.2d 867, 869 n.5 (1982), *aff'd,* 501 Pa. 331, 461 A.2d 615 (1983).[6] The decision to grant or deny a request for reconsideration is a matter of administrative discretion and will be reversed only for an abuse of that discretion. *Modzelewski v. Department of Public Welfare,* 109 Pa. Commonwealth Ct. 519, 531 A.2d 585 (1987). In deciding if an abuse of administrative discretion has occurred, we are mindful of the caution that:

> Courts will not review the actions of administrative tribunals involving acts of discretion in the absence of evidence of bad faith, fraud, capricious action or abuse of power.

*Columbia Gas of Pennsylvania v. Pennsylvania Public Utility Comm'n,* 112 Pa. Commonwealth Ct. 611, 614, 535 A.2d 1246, 1248 (1977) (quoting *Pennsylvania State Ass'n of Township Supervisors v. State Ethics Comm'n,* 92 Pa. Commonwealth Ct. 544, 547, 499 A.2d 735, 737 (1985)).

Petitioner contends that (1) CAO did not produce substantial, competent evidence to show that she received an overissuance of food stamps and (2) any overissuance was due to administrative error which ei-

---

[6] The cases cite 42 Pa. C. S. §5015(a)(2) as authority to permit appeal of an administrative agency's denial of a request for reconsideration. That section states:

> General Rule.—There is a right of appeal under this subsection from the final order (including an order defined as a final order by general rule) of every:
>
> . . .
>
> (2) Government unit which is an administrative agency within the meaning of section 9 of Article V of the Constitution of Pennsylvania to the court having jurisdiction of such appeals. An order is appealable under this paragraph notwithstanding the fact that it is not appealable under Chapter 7 of Title 2 (relating to judicial review).

ther totally prohibits recoupment or requires less recoupment. Petitioner raised these issues before the hearing officer and DPW's executive secretary, and she made the same arguments in support of them as she makes to us. The hearing officer's decision addressed Petitioner's arguments. DPW's executive secretary specifically affirmed the hearing officer's resolution of each issue. Petitioner offered no new evidence[7] nor any overlooked law in her request to DPW's executive secretary for reconsideration, and she brings none to our attention.

We have carefully reviewed the record in this case and find nothing in it nor in Petitioner's brief which even suggests that DPW's secretary in any way acted in bad faith, fraudulently, capriciously or abused his power in denying Petitioner's request for reconsideration.[8] We conclude that there was no abuse of administrative discretion. Accordingly, we affirm.

---

[7] In *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988), the Pennsylvania Supreme Court reversed this court's decision that the Workmen's Compensation Board had abused its discretion in *granting* a rehearing where the evidence offered to justify rehearing was available at the time of the first hearing. The Supreme Court held that the judicial standard for granting rehearings to introduce additional evidence was not applicable to the board. The court noted that the only statutory restriction on the board's discretion was that rehearing be granted "for cause shown" and that relevant medical evidence, in a case where the board had concluded that the medical evidence produced during the first hearing was equivocal, was sufficient to satisfy that restriction.

[8] Because our scope of review of denials of reconsideration is so limited, those wishing to have the merits of an administrative agency decision reviewed would do well to heed the warning in the official note to Pa. R.A.P. 1701(b)(3) that "[t]he better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below *and a notice of appeal.*" (Emphasis added.)

ORDER

AND NOW, December 2, 1988, the decision of the Department of Public Welfare in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.