553 A.2d 513

R. W., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 15, 1988, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Robert J. Young,* for petitioner.

*Myra Werrin Sacks,* Assistant Counsel, for respondent.

*Cynthia M. Weaver,* for intervenor, Bucks County Children and Youth Social Services Agency.

OPINION BY JUDGE BARRY, February 2, 1989:

R. W. (petitioner) appeals an order of the Department of Public Welfare (DPW) which denied reconsideration of an order refusing to expunge a report of child abuse.

Based upon a report of petitioner, the Bucks County Children and Youth Social Services Agency (the Agency) conducted an investigation and determined that petitioner's husband, I. W., had been abusing the couple's minor child T. As a result, the Agency, on May 1, 1986, filed a report of child abuse designating I. W. as the perpetrator.

Sometime thereafter, petitioner filed a request to expunge the report. The Agency filed a motion to dismiss the action since petitioner was not named perpetrator in the report. While a hearing examiner granted the Agency's motion, the director of DPW's Office of Hearing and Appeals reversed. Following a hearing, the examiner refused to expunge the report. Final administrative action was taken by DPW on November 9, 1987, when it adopted the recommendation of the hearing examiner in its entirety and refused to expunge the report of child abuse.

Petitioner then filed a request for reconsideration which DPW denied on December 15, 1987. No appeal was ever taken from the November 9th order; petitioner did, however, file a timely appeal of the December 15th order denying reconsideration.

As petitioner never appealed the November 9th final order of DPW but only the December 15th order denying reconsideration, this case is controlled by *Keith v. Department of Public Welfare*, 121 Pa. Commonwealth Ct. 405, 551 A.2d 333 (1988). The merits of the unappealed November 9th order are not before us; we may consider only the legitimacy of the December 15th order denying reconsideration. *Id.* Furthermore, our scope of

review is limited to deciding whether DPW abused its discretion in denying the reconsideration request. *Id.*

We can affirm an order of an administrative body for any reason which is apparent from the record. *Rhoads v. Lancaster Parking Authority,* 103 Pa. Commonwealth Ct. 303, 520 A.2d 122, *petition for allowance of appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987); *Gregorious v. Workmen's Compensation Appeal Board (European Health Spas),* 87 Pa. Commonwealth Ct. 86, 486 A.2d 564 (1985). As previously mentioned, the Agency sought to have petitioner's original action dismissed because she was not the named perpetrator of the child abuse in the report she sought to have expunged. We believe the Agency's argument, which it also makes in the appeal, is correct.

Petitioner's husband was the only individual named in the report as a child abuser. He is the only individual who could have sought expungement as he is the only person who is harmed by the existence of the report. *See Central Storage and Transfer Co. v. Public Utility Commission,* 82 Pa. Commonwealth Ct. 21, 477 A.2d 568 (1984) (an individual cannot challenge an administrative action if no substantial interest of the person or entity is affected by that action).

Petitioner argues that Section 14(h) of the Child Protective Services Law, Act of Nov. 24, 1975, P.L. 438, *as amended,* 11 P.S. §2214(h) (Supp. 1988), provides her with the right to seek expungement. That section provides that a "subject of the report" has the "right, at any time, to request the secretary to ... expunge information contained in the statewide central register ..." and the "right to a hearing if the request is denied." *Id.* Section 3 of the law defines "subject of the report" as "any child reported to the central register of child abuse and his parent, guardian or other person responsible named in

the report." 11 P.S. §2203. Because petitioner is T.'s mother, she claims she can seek expungement. Petitioner's argument would require us to delete the last five words of the definition quoted above. That we cannot do.

The foregoing analysis shows petitioner is not the proper person to pursue this course of action. Therefore, we cannot say that DPW abused its discretion in denying the request for reconsideration.

ORDER

NOW February 2, 1989, the order of the Department of Public Welfare at File No. 21-86-095, CL #09-04180, is affirmed.