# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T.C.,                                    :
          Petitioner        : **CASE SEALED**
                                                :
          v.                : No. 2225 C.D. 2015
                                                : Submitted: July 1, 2016
Department of Human Services,            :
          Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                      **FILED: July 19, 2016**

       The Secretary of the Department of Human Services (Secretary) issued an October 8, 2015 order denying reconsideration of the September 15, 2015 order issued by the Department of Human Services, Bureau of Hearings and Appeals (Bureau) adopting the Recommendation of the Administrative Law Judge (ALJ) denying T.C.'s (Petitioner) request to appeal *nunc pro tunc* and expunge an indicated report of child abuse maintained on the Child Line Registry pursuant to the Child Protective Services Law (CPS Law).[1]  We affirm.

       Failure to timely appeal an administrative agency's action ordinarily deprives an appellate court of jurisdiction; consequently, the time for taking an

---

[1] 23 Pa. C.S. §§ 6301-6384.  The Child Line Registry is a statewide system for receiving reports of suspected child abuse, referring reports for investigation, and maintaining those reports.  23 Pa. C.S. § 6332.  A report of suspected child abuse may be either "indicated," "founded," or "unfounded."  23 Pa. C.S. §§ 6337, 6338.  In the case of "indicated" or "founded" reports, the information is placed in the statewide central registry.  23 Pa. C.S. § 6338(a).

appeal cannot be extended as a matter of grace or mere indulgence. *J.A. v. Department of Public Welfare*, 873 A.2d 782, 785 (Pa. Cmwlth. 2005). In order for an untimely appeal to proceed as though it had been timely filed, the petitioner must demonstrate that the delay in filing was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, the petitioner's counsel or a third party. *C.E. v. Department of Public Welfare*, 97 A.3d 828, 832 (Pa. Cmwlth. 2014). In addition, a petitioner seeking permission to file an untimely appeal must establish that: (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of short duration; and (3) the respondent will not be prejudiced by the delay. *H.D. v. Department of Public Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000).

In the instant matter, a telephonic hearing was held before the ALJ on August 11, 2015 to provide Petitioner, who appeared *pro se*, the opportunity to present testimony and evidence in support of his argument that he should be permitted to appeal *nunc pro tunc*. (Certified Record Number 7, Hearing Transcript (H.T.).) At the hearing, the ALJ gave Petitioner until August 18, 2015, or five business days, to submit written documentation of the date upon which Petitioner signed to acknowledge receipt of his legal file from his former attorney, in order to support Petitioner's testimony that he only received notice of the indicated report when he took possession of the file kept by his former attorney. (*Id.*, H.T. at 22-24.) Petitioner did not provide the documentation in the time period provided. (ALJ Adjudication and Recommendation, Procedural History.) Based on the record created, the ALJ made the following findings of fact, which were adopted by the Bureau:

2

1.  On April 1, 2015, ChildLine sent [Petitioner] a letter giving notice that [Petitioner] is listed on the statewide central register of child abuse as a perpetrator in an indicated report of child abuse.

2.  The April 1, 2015 letter notified [Petitioner] of the right to request the indicated report be amended or destroyed and instructed [Petitioner] a request must be made within 90 days of the date of the notice.

3.  The April 1, 2015 letter was sent to [Petitioner's] correct address at [address redacted].

4.  On July 9, 2015, [Petitioner] mailed an appeal of the April 1, 2015 notice.

5.  [Petitioner's] appeal was dated June 29, 2015.

6.  [Petitioner's] July 9, 2015 appeal was postmarked 99 days after the mailing of the April 1, 2015 notice.

7.  At the hearing, [Petitioner] did not provide credible testimony that he did not receive the April 1, 2015 notice from ChildLine.

(ALJ Adjudication and Recommendation, Findings of Fact (F.F.) ¶¶1-7.)  In the accompanying discussion, the ALJ identified the question of whether or not Petitioner's appeal was untimely as the first issue for review.  (ALJ Adjudication and Recommendation, Discussion at 2.)  Determining that Petitioner was advised of the report and his right to appeal in a notice mailed on April 1, 2015, and that Petitioner's appeal was postmarked July 9, 2015, although it was dated June 29,

2015, the ALJ concluded that Petitioner's appeal was untimely.[2]  Next, the ALJ addressed whether Petitioner had produced sufficient evidence to demonstrate circumstances warranting relief in the form of a *nunc pro tunc* appeal.  (*Id*.)  The ALJ determined that Petitioner had not met his burden and, significantly, that the testimony offered by Petitioner in support of his request for *nunc pro tunc* relief was inconsistent and ultimately not credible.  (*Id*. at 3.)  The ALJ stated:

> [Petitioner] testified that he did not receive the April 1, 2015 notice until he received a copy of his file from his former attorney.  However, [Petitioner] could not explain how his former attorney obtained a copy of the notice from ChildLine, and his former attorney was not present at the hearing.  Also, the April 1, 2015 notice was not sent to the address of [Petitioner's] former attorney, but rather, it was mailed to the address of [Petitioner].  In addition, [Petitioner] testified he received his file from his former attorney on July 17, 2015 and filed an appeal thereafter, but [Petitioner's] appeal was dated June 29, 2015 and postmarked on July 9, 2015.  Given the inconsistencies in [Petitioner's] testimony, I do not find [Petitioner's] testimony that he did not receive the April 1, 2015 notice to be credible.

(*Id*. at 3.)

Before this Court, Petitioner, represented by counsel, argues that the Secretary erred in denying reconsideration because the ALJ committed an abuse of discretion.[3]  Petitioner argues that he did not receive notice of the indicated report

---

[2] The CPS Law provides a 90 day appeal period in which a person named as a perpetrator of child abuse in an indicated report may request that the report be expunged from the Child Line registry.  *See* 23 Pa. C.S. § 6341(a)(2).

[3] The Secretary's decision to grant or deny a request for reconsideration is a matter of administrative discretion and will be reversed only for an abuse of that discretion.  23 Pa. C.S. §

4

and that notice instead went to his former counsel. Petitioner contends that he became aware of the report only when he terminated his former counsel and his former counsel provided Petitioner with his legal file. Petitioner further contends that he had two other appeals with the Bureau and that it is illogical to assume he would seek to have two indicated reports expunged, but not the third. Petitioner also argues that the Bureau failed to offer any evidence demonstrating when the notice-letter was sent to Petitioner or the method by which the notice-letter was sent to Petitioner.

Each of the arguments put forth by Petitioner were raised before the ALJ and addressed in Petitioner's testimony. The ALJ provided Petitioner with the opportunity to submit additional evidence substantiating his testimony prior to the close of the record. Petitioner did not do so. The ALJ did not find Petitioner's testimony to be credible, noting the multiple inconsistencies, and the inability to offer a plausible explanation for how the notice-letter mailed to Petitioner at his proper address found its way into his former attorney's file without Petitioner's knowledge. The credibility and factual determinations made by the ALJ were adopted in full by the Bureau and it is undisputed that the Bureau is the ultimate finder of fact, with the sole province to determine the weight and credibility afforded the evidence. 23 Pa. C.S. § 6341; *F.R. v. Department of Public Welfare*, 4 A.3d 779, 783 & n.3 (Pa. Cmwlth. 2010). Where a petitioner appealing an administrative agency action seeks *nunc pro tunc* relief, it is the petitioner who bears the evidentiary burden to establish circumstances warranting relief; the

---

6341(g); *Keith v. Department of Public Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1987). An abuse of discretion occurs where there is evidence of bad faith, fraud, capricious action or abuse of power. *Id*.

agency does not have the burden to show that relief is not warranted or to dispute facts not proven.

Finally, Petitioner argues that he exercised due diligence once he discovered the need to appeal, that his appeal was filed merely nine days beyond the appeal period, which included a weekend, and that there was no suggestion below that the Bureau was prejudiced by his delay. Petitioner also argues that the severity of the consequences accompanying the maintenance of an indicated report of child abuse on the Child Line Registry vitiate in favor of relief.

Petitioner's argument that he exercised due diligence rests upon a view of the evidence that was rejected; only if Petitioner's testimony that he had not received notice and had no knowledge of the indicated report was accepted could we conclude that Petitioner exercised due diligence. There is no doubt that maintenance of an indicated report on the Child Line registry has real and substantial consequences for the individual identified as the perpetrator of child abuse in the report. Accordingly, the General Assembly saw fit to provide a full 90 days for any person named as a perpetrator to seek amendment or expungement of an indicated report. 23 Pa. C.S. § 6341(a)(2). Absent proof that the standard for *nunc pro tunc* relief has been satisfied, this Court is prohibited from extending this uncommonly long appeal period simply because, like the General Assembly, we recognize the seriousness of the consequences of being named as a perpetrator of child abuse in an indicated report maintained on the Child Line Registry.

Petitioner has forfeited his right to seek amendment or expungement due to his untimely appeal. Moreover, Petitioner has failed to make any showing that would amount to evidence of an abuse of discretion by the Secretary.

6

Accordingly, the Secretary's October 8, 2015 order denying reconsideration of the September 15, 2015 order issued by Bureau is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

T.C.,                                          :
             Petitioner          : **CASE SEALED**
                               :
         v.                             : No. 2225 C.D. 2015
                               :
Department of Human Services,     :
             Respondent        :

## **O R D E R**

AND NOW, this 19th day of July, 2016, the final Order of the Secretary of the Department of Human Services denying reconsideration of the order issued by the Department of Human Services, Bureau of Hearings and Appeals in the above-captioned matter is AFFIRMED.

                              _____

                              **JAMES GARDNER COLINS, Senior Judge**