# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carbon County Children and Youth Services,      :
:
          Petitioner     :
:
          v.           :    No. 1 C.D. 2018
:    SUBMITTED: September 12, 2018
:
Department of Human Services,       :
          Respondent    :    **CASE SEALED**


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: September 26, 2018**


Carbon County Children and Youth Services (CYS) petitions for review of a December 19, 2017, order of the Secretary of the Department of Human Services (Department) denying as untimely CYS's application for reconsideration of the November 21, 2017, decision of the Bureau of Hearings and Appeals (Bureau) granting the request to expunge indicated reports of child abuse against alleged perpetrators C.S. and A.S. As a threshold matter, we note that CYS's January 2, 2018, appeal was timely from the denial of its application for reconsideration, but was not timely from the November 21 order on the merits.[1] Therefore the only issue before us is whether the Department abused its discretion in denying reconsideration.

---

[1] A party that fails to file a petition for review of the Bureau's final order within the thirty-day appeal period loses the ability to challenge the merits of the decision. *See Keith v. Dep't of Pub. Welfare*, 551 A.2d 333, 335 (Pa. Cmwlth. 1988).

Because we agree that CYS's application for reconsideration was untimely, the denial was proper and, therefore, we affirm.

The relevant background of this matter is as follows. On November 21, 2017, the Bureau issued an order sustaining the appeals of the alleged perpetrators and directing the Department to expunge the indicated reports of child abuse against them. In addition to indicating that any appeal to the Commonwealth Court had to be filed within thirty days from November 21, the order provided as follows:

> Either party to this proceeding has fifteen (15) calendar days from the date of this decision to request reconsideration by the Secretary of the Department. . . . The application/petition shall be addressed to the Secretary, but delivered to the Director, Bureau of Hearings and Appeals, P.O. Box 2675, Harrisburg, Pennsylvania, 17105-2675, <u>and must be received in the Bureau . . . within fifteen (15) calendar days from the date of this Order</u>. This action does not stop the time within which an appeal must be filed to Commonwealth Court.

(November 21, 2017, Order) (emphasis in original). Accordingly, with the November 21 mailing date triggering the beginning of the fifteen-day period, the application for reconsideration had to be received in the Bureau by December 6.[2]

Subsequently, CYS mailed an application for reconsideration to the Bureau on December 5, 2017, attaching a certificate of mailing reflecting that date. (Application for Reconsideration, Certificate of Mailing; Reproduced Record "R.R." at 76a.) The Bureau received CYS's application for reconsideration on December 7 and time stamped it accordingly. (*Id.* at p. 1; R.R. at 72a.) On December 19, the Secretary denied CYS's application for reconsideration as untimely. On appeal,

---

[2] *Colonial Manor Pers. Care Boarding Home v. Dep't of Pub. Welfare*, 551 A.2d 347, 350 (Pa. Cmwlth. 1988) (holding that the mailing date triggers the beginning of the appeal period).

2

CYS argues that its December 5 certificate of mailing rendered its application for reconsideration timely. Its position is without merit.

Section 35.241(a) of the General Rules of Administrative Practice and Procedure provides that an application for reconsideration may be filed by a party to a proceeding "within 15 days, or another period as may be expressly provided by statute applicable to the proceeding, after the issuance of an adjudication or other final order by the agency." 1 Pa. Code § 35.241(a). Additionally, Section 31.11 of the same Rules provides:

> Pleadings, submittals or other documents required or permitted to be filed under this part, the regulations of the agency or any other provision of law shall be received for filing at the office of the agency within the time limits, if any, for the filing. *The date of receipt at the office of the agency and not the date of deposit in the mails is determinative*.

1 Pa. Code § 31.11 (emphasis added). *See also Colonial Manor Pers. Care Boarding Home v. Dep't of Pub. Welfare*, 551 A.2d 347, 350 (Pa. Cmwlth. 1988) (holding that the day upon which the petition is received is controlling for purposes of time computation for an application for reconsideration). CYS could not rely upon the date it mailed its application for reconsideration to establish its timeliness. Accordingly the Department's denial was appropriate, and certainly not an abuse of discretion and, therefore, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carbon County Children and Youth : 
Services, : 
                 Petitioner : 
                   : 
               v. :   No. 1 C.D. 2018
                   : 
Department of Human Services, : 
              Respondent :   **<u>CASE SEALED</u>**

# **O R D E R**

     AND NOW, this 26th day of September, 2018, the order of the Secretary of the Department of Human Services is hereby AFFIRMED.

 

<br>

                                      _____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge