IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Y. S.-R.,                                    :        **SEALED CASE**
                          Petitioner         :
                                             :
              v.                             :        No. 362 C.D. 2019
                                             :        Submitted: March 26, 2020
Department of Human Services,                :
                          Respondent         :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                            FILED:  May 8, 2020

           Y. S.-R. (Petitioner), represented by counsel, petitions for review from
an order of the Secretary of Human Services (Secretary) denying her application for
reconsideration of the Department of Human Services (Department) Bureau of
Hearings and Appeals' (BHA) order denying her request for expunction of an
indicated report of physical abuse from the ChildLine and Abuse Registry
(ChildLine).[1]  Petitioner did not appeal the BHA's order on the merits.  Discerning
no abuse of discretion by the Secretary, we affirm.


                              **I. Background**

           Because the merits are not before us, we briefly summarize the incident
underlying the expunction matter.

---

[1] ChildLine, a unit within the Department, operates a statewide system for receiving
indicated and actual reports of child abuse; refers the reports for investigation; and maintains the
reports for reference.  55 Pa. Code §3490.4 (definition of "ChildLine"). ChildLine is maintained
in accordance with the Child Protective Services Law, 23 Pa. C.S. §§6301–6386.

Petitioner worked at a day care center in the City of Philadelphia, where she was responsible for the care of young children, including C.T., a 10-month-old boy (Child). While supervising the children in the television room, Petitioner struck Child in the forehead more than once with a remote control (Incident). The mother of Child (Mother) noticed visible bruising on his forehead when she picked him up from day care that evening. Mother questioned Petitioner regarding the bruises and was told Child fell in the playpen. Mother then took Child to the local hospital where he was treated for a concussion and kept overnight for observation. Child was listless, distressed and vomiting over the next 24 hours.

Subsequently, Mother reported the Incident to the Philadelphia Department of Human Services (Philadelphia DHS), which placed an indicated report on ChildLine naming Petitioner as a perpetrator of physical abuse pursuant to the Child Protective Services Law, 23 Pa. C.S. §§6301–6386. Philadelphia DHS sent notice to Petitioner that she was listed in ChildLine. Petitioner timely requested expunction and a hearing. Reproduced Record (R.R.) at 8a.

An administrative law judge (ALJ) held a hearing. Philadelphia DHS presented testimony of its social worker who investigated the Incident (Investigator), Mother, and Dr. Marita Lind, regarding Child's medical treatment, via telephone. Petitioner, represented by counsel, testified on her own behalf. Critically, and relevant here, during the hearing, her counsel did not identify any other witnesses. Rather, he stated that no one else was expected to appear on behalf of Petitioner. ALJ Hr'g, 12/10/18, Notes of Testimony (N.T.) at 8.

2

During the hearing, Philadelphia DHS's witnesses testified about the content of a security video that depicted the Incident. N.T. at 9 ("Workers viewed the daycare video and observed [Petitioner] using object and hits [sic] [Child]."); R.R. at 22a. Investigator testified about her knowledge of the Incident, based on both her review of the security video footage and her interview with Petitioner. Investigator confirmed that Petitioner admitted to using the remote to "tap" Child's forehead, but insisted it was not hard. R.R. at 37a.

However, Petitioner's counsel raised an objection to any testimony about the content of the video based on the best evidence rule.[2] The video depicting the Incident was erased when the local police attempted to copy it, so it was no longer available. Counsel stipulated that there was no ill intent in erasing the video, and its erasure should not give rise to an adverse inference. R.R. at 73a. The ALJ refrained from ruling on the objection at that time, allowing the record to include the testimony. Therefore, Petitioner's counsel questioned the Department's witnesses about the Incident based on their review of the video. Investigator testified she saw Petitioner strike Child in the forehead three times with a remote control. N.T. at 51; R.R. at 64a.

Petitioner described the Incident as follows. Child was crawling toward her, and stood up near a highchair holding another child. Petitioner was concerned he was going to topple the other child, so she gestured close to his head so he would move away. She claimed she did not touch Child, and that her co-worker was present. Her co-worker treated Child with an ice pack and wrote an incident report.

---

[2] The best evidence rule generally requires the original of a record, usually a writing, as the "best evidence" of its contents. Rule 1002 of the Pennsylvania Rules of Evidence applies this rationale to recordings as well. Nonetheless, the technical rules of evidence do not apply to agency proceedings. *See* 2 Pa. C.S. §505.

Following the hearing, the ALJ issued an adjudication that denied Petitioner's request for expunction. The ALJ found that Child suffered physical injury, including a concussion. He did not credit Petitioner's testimony that when she hit Child, she did not do so hard. Based on the testimony, including Petitioner's conflicting accounts of the Incident, he concluded Petitioner's conduct caused bodily harm to Child when she intentionally struck Child on the forehead.

The BHA adopted the ALJ's adjudication in its entirety (Merits Order). The Merits Order, issued January 28, 2019, stated that "an appeal may be filed within thirty (30) days from the date of this order … [and] must be filed" with the Clerk of this Court. Pet., Ex. A (emphasis in original); R.R. at 11a. Petitioner did not appeal the Merits Order.

Instead, Petitioner filed an application for reconsideration. *See* Pet., Ex. B; R.R. at 12a. Therein, she challenged the completeness of the record before the BHA in that "there were [sic] no video that proves that I 'hit' the child and there were no witnesses of mines [sic] to call on and testify what happened that day of the [I]ncident." *Id.* She requested a remand for another hearing where additional, unidentified witnesses could testify on her behalf. The Secretary denied her request for reconsideration by order dated February 28, 2019 (Reconsideration Order).

Petitioner timely filed a petition for review (Petition) of the Reconsideration Order on March 28, 2019. Although she asks this Court to reverse the Merits Order in her Petition, she appealed only the Reconsideration Order.

4

Philadelphia DHS intervened in the matter. After briefing,[3] the matter is ready for disposition.

## II. Discussion

On appeal, represented by different counsel, Petitioner argues the Secretary abused her discretion in denying reconsideration of the Merits Order because the BHA decided the merits on an incomplete record, without hearing witnesses in her favor. She also maintains the BHA should not have upheld the report when the video was not available and there were no witnesses to the Incident.

The Department counters that Petitioner appealed only the Reconsideration Order, without showing that the denial of reconsideration was manifestly unreasonable or that the Secretary abused her discretion.

In a ChildLine expunction case, the Department bears the burden of proof and persuasion. *G.V. v. Dep't of Human Servs.*, 91 A.3d 667 (Pa. 2014). Here, Petitioner, represented by counsel in the hearing before the BHA, did not appeal the Merits Order. Thus, she lost the right for this Court to review that order. *Keith v. Dep't of Pub. Welfare*, 551 A.2d 333 (Pa. Cmwlth. 1988). To the extent Petitioner's arguments pertain to the outcome of the hearing, a decision that she failed to timely appeal, we are precluded from considering these issues.[4] Accordingly, we confine our review to the Reconsideration Order.

---

[3] Declining to file its own brief, Philadelphia DHS joined in the Department's brief.

[4] As part of her relief request, she asks this Court to reverse the BHA's Merits Order dated January 28, 2019. Again, this is a challenge to the merits, and not before us. In the alternative,

5

"Our scope of review of an agency's decision on a reconsideration request is limited to determining whether the secretary has abused his or her discretion." *Keith*, 551 A.2d at 336. "The grant or denial of reconsideration is a matter of administrative discretion" that we may "reverse only for an abuse of discretion." *Modzelewski v. Dep't of Pub. Welfare*, 531 A.2d 585, 587 (Pa. Cmwlth. 1987). An abuse of discretion will only be found where the record shows there was fraud, bad faith, capricious action, or an abuse of power. *Keith*; *see also Becirovic v. Dep't of Human Servs.* (Pa. Cmwlth., No. 2139 C.D. 2015, filed Sept. 9, 2016), 2016 WL 4709195 (unreported) (affirming Secretary order denying reconsideration).[5] *Cf. B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (reversing order denying reconsideration when secretary denied appeal *nunc pro tunc*; counsel had emergency eye surgery resulting in late appeal of merits order).[6]

Essentially, Petitioner assigns error in that the BHA decided the matter without hearing witnesses in her favor or reviewing the video evidence. She asserts she has a right to another hearing where she can present witnesses in her favor.

To the extent Petitioner challenges the due process of the hearing, we are unpersuaded.

---

she asks this Court to vacate the Secretary's Reconsideration Order and remand with instructions to hold a hearing on reconsideration. Pet. ¶7.

[5] We cite this case for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[6] In *B.B.*, like this case, the matter involved expunction of an indicated child abuse report from ChildLine. However, that order was appealed a few days late, and it was the ALJ's denial of *nunc pro tunc* relief that was the basis for the application for reconsideration. This Court determined the Secretary abused his discretion in denying reconsideration on the acceptance of an untimely appeal because it was a couple days late as a result of counsel's medical procedure, which this Court deemed a non-negligent circumstance warranting relief.

6

Due process in administrative proceedings is a flexible concept, affording the parties "an opportunity to hear the evidence, cross-examine witnesses, introduce evidence on one's own behalf, and present argument." *R.J.W. v. Dep't of Human Servs.*, 139 A.3d 270, 289 (Pa. Cmwlth. 2016). In addition, "[t]ypically, questions concerning the admission or exclusion of evidence in an administrative proceeding are within the discretion of the tribunal conducting the hearing and are not to be disturbed on appeal absent a finding of abuse of discretion." *Id.*

As to the video, there is no dispute that the video was destroyed and that the ALJ did not consider the testimony regarding the video content in making his adjudication.[7] Nevertheless, to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. "Evidentiary rulings which did not affect the decision will not provide a basis for disturbing the fact-finder's judgment." *R.J.W.*, 139 A.3d at 290 (determining absence of videotape of forensic interview of child did not warrant remand as ALJ made decision based on other facts).

We carefully reviewed the record in this case and find nothing in it or in Petitioner's brief which suggests that the Secretary acted in bad faith, fraudulently, or capriciously, or abused her power in denying Petitioner's request for reconsideration. First, we discern no merit in Petitioner's claims that she was precluded from presenting witnesses in her favor at the hearing.

---

[7] This Court has reasoned that "[t]he best evidence rule does not apply where the matter to be proved exists independently of the [evidence at issue]." *Abruzzese v. Bureau of Prof'l & Occ'l Affairs, State Bd. of Cosmetology*, 185 A.3d 446, 455 (Pa. Cmwlth. 2018). In this case, the BHA made its findings based on the testimony, primarily, Petitioner's admissions regarding the Incident.

From our careful review of the transcript, Petitioner did not request to present any rebuttal witnesses or other evidence supporting her case. Indeed, during the hearing, Petitioner's counsel advised that she was the sole witness in her case.

Significantly, at no point in these proceedings has Petitioner identified a single eyewitness, much less made an offer of proof as to the unidentified new witnesses' testimony. Further, Petitioner's claim that there were eyewitnesses to the Incident, other than herself and Child, is unsupported by the record. To the extent there is testimony regarding the Incident and what the video depicted, the witnesses testified that there was no one in the room other than Petitioner. Thus, it is not clear that there were any additional eyewitnesses to support Petitioner's account.

Additionally, although Petitioner testified as an eyewitness to the Incident, the fact-finder did not credit her testimony regarding the Incident. *R.J.W.* She initially testified she did not touch Child, and then testified that "there was like a tapping;" she admitted she tapped his head three times. N.T. at 118. Then, after counsel noted she previously denied touching Child, she stated it was "hard for [her] to explain" how she tapped but did not touch Child. *Id.*

This Court is not able to reconsider credibility determinations, even on the merits. *R.J.W.* In adopting the ALJ's adjudication, the BHA became the final fact-finder in this expunction appeal. *Id.* Absent an abuse of discretion, we will not disturb the BHA's determinations as to credibility and evidentiary weight. *Id.*

Ultimately, the BHA did not credit Petitioner's account. It bears noting that Petitioner only advised there were additional witnesses after receiving an adverse decision. Moreover, Petitioner offers no explanation about her neglect in presenting these additional witnesses during the hearing. Unless the evidence was not available, her request for a hearing on reconsideration amounts to no more than a veiled attempt to take a second bite at the apple.

Thus, we conclude Petitioner had an opportunity to call favorable witnesses at the hearing and thus be heard pursuant to Section 504 of the Administrative Agency Law, 2 Pa. C.S. §504. Her claim that she was unable to do so is unsupported by the record. N.T. at 9.

### III. Conclusion

Because the ALJ afforded Petitioner a full opportunity to develop the record in this matter, we discern no basis for a remand for another hearing. Regardless, Petitioner did not establish the Secretary abused her discretion. Accordingly, there is no basis for reversal here. For these and the foregoing reasons, we affirm the Secretary's Reconsideration Order.[8]

_____
J. ANDREW CROMPTON, Judge

---

[8] Even had Petitioner appealed the Merits Order regarding the indicated report, we would not have reached a different result. In light of Petitioner's admissions and the BHA's credibility determinations, there was substantial credited evidence in support of the BHA's order, and we would be constrained to affirm the BHA had that order been properly before us. *G.V. v. Dep't of Human Servs.*, 91 A.3d 667 (Pa. 2014).

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Y. S.-R.,                                          :        **SEALED CASE**
                          Petitioner              :
                                                  :
          v.                                      :        No. 362 C.D. 2019
                                                  :
Department of Human Services,                     :
                          Respondent              :

# **O R D E R**

**AND NOW**, this 8th day of May 2020, the order of the Secretary of Human Services, of the Department of Human Services, denying Petitioner's application for reconsideration is AFFIRMED

_____
J. ANDREW CROMPTON, Judge