IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warren Baker and Linda Baker,    :
                Petitioners    :
                          :
      v.                  :  No. 498 C.D. 2021
                          :  Submitted: February 11, 2022
Department of Human Services,    :
                Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                            FILED: May 2, 2022

Warren Baker and Linda Baker (Petitioners) petition this Court for review of the April 13, 2021 order of the Secretary of Human Services (Secretary) denying as untimely Petitioners' Application for Reconsideration *nunc pro tunc* (Application). The issue before this Court is whether the Secretary abused her discretion in denying Petitioners' Application. After review, we affirm.

## I. Background

The underlying issue in this matter is whether Wayne County Children and Youth Services (CYS) improperly denied Petitioners adoption assistance.[1] On September 27, 2016, Petitioners contacted CYS to inquire about the availability of such assistance, as Petitioners anticipated adopting their three great-grandchildren

---

[1] Pennsylvania's adoption assistance program, which provides for the payment of adoption assistance benefits and nonrecurring adoption expenses, is governed by Sections 3140.201-3140.210 of the Department of Human Services' (DHS) regulations. 55 Pa. Code §§ 3140.201-3140-210.

the following week. Certified Record (C.R.), Item No. 6, Administrative Law Judge (ALJ) Decision, Finding of Fact (F.F.) No. 11. During a September 30, 2016 telephone conversation, a representative of CYS advised Petitioners that, while she could not provide an immediate response to their specific inquiry, adoption assistance would not be available once the adoptions were finalized. F.F. No. 13. Petitioners adopted the children on October 3, 2016. F.F. No. 14. CYS notified Petitioners in an October 25, 2016 letter that they were not eligible for adoption assistance. C.R., Item No. 2. Petitioners appealed this decision to the DHS's Bureau of Hearings and Appeals (BHA). *Id.* An ALJ agreed that Petitioners did not meet the eligibility requirements under Section 3140.202(b)(3)[2] of the DHS regulations, which required that the children be in the legal custody of CYS or another DHS-approved agency. C.R., Item No. 6, ALJ Decision at 14. Furthermore, Section 3140.203(a)[3] of the DHS regulations provides that an adoption assistance agreement must be executed prior to, or at the time of, the issuance of a final adoption decree. *Id.* The ALJ noted that Petitioners were advised by CYS on September 30, 2016, that adoption assistance would not be available once the adoptions were finalized, and Petitioners elected to proceed with the adoptions as scheduled. *Id.* Accordingly, the ALJ denied Petitioners' appeal. *Id.* at 15. BHA issued a Final Administrative Action Order (Final Order) affirming the ALJ's decision on July 9, 2019. *Id.* at 2.

The Final Order specified that the parties had 15 calendar days from the date of that decision to request reconsideration by the Secretary. C.R., Item No. 6. Additionally, the Final Order provided the mailing address to which an application

---

[2] 55 Pa. Code § 3140.202(b)(3).

[3] 55 Pa. Code § 3140.203(a).

for reconsideration should be mailed, and which "must be postmarked within [15] calendar days from the date of [the Final] Order." *Id.* (emphasis in original).[4]

Several months later, on February 6, 2020, Petitioners filed a complaint against CYS in the United States District Court for the Middle District of Pennsylvania (District Court), alleging violations of the Americans with Disabilities Act of 1990,[5] Section 504 of the Rehabilitation Act of 1973,[6] and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[7] C.R., Item No. 6, Ex. C, District Ct. Op. at 1. CYS filed a motion to dismiss the civil complaint on April 6, 2020, arguing that Petitioners had failed to exhaust their available administrative remedies before seeking judicial relief. *Id.* The District Court agreed with CYS, as Petitioners had the right to request reconsideration from the Secretary under Section 275.4(h)(4)(ii) of the DHS regulations.[8] *Id.* at 6. Accordingly, on March 10, 2021, the District Court granted CYS's motion and dismissed Petitioners' civil complaint without prejudice. *Id.* at 10.

---

[4] The Final Order also advised that the filing of an application for reconsideration did "not stop the time within which an appeal must be filed to [this] Court." C.R., Item No. 6. Additionally, the Final Order indicated that an appeal to this Court must be filed "within [30] days from the date of this order." *Id.* Instructions were provided on where to mail the appeal and how to serve notice of the appeal on the government unit that rendered the decision. *Id.*

[5] 42 U.S.C. §§ 12101-12213.

[6] Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that an otherwise qualified individual may not be excluded from participating in, denied the benefits of, or subjected to discrimination under any program or activity receiving federal funds.

[7] Section 1 of the Fourteenth Amendment relevantly provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[8] Section 275.4(h)(4)(ii) of the DHS regulations provides that a party has "15 days from the date of the decision" to file a request for reconsideration with the Secretary. 55 Pa. Code § 275.4(h)(4)(ii).

Petitioners filed their Application, *nunc pro tunc*, with the Secretary on March 31, 2021. In their Application, Petitioners alleged that, following issuance of the Final Order, they "[i]mmediately" filed their civil complaint in District Court, believing that they had exhausted their available administrative remedies. C.R., Item No. 7, ¶ 5. The remaining paragraphs of the Application recited the relevant procedural history before the ALJ and the District Court and otherwise argued the merits of their claim that CYS improperly denied them adoption assistance. The Secretary rejected Petitioners' Application as untimely on April 13, 2021. C.R., Item No. 9. The Secretary's order did not specifically address Petitioners' request for *nunc pro tunc* relief. This appeal followed.[9]

---

[9] On November 9, 2021, DHS filed with this Court a Motion To Dismiss the petition for review on the basis that this Court lacked jurisdiction because the Secretary had no authority to act on Petitioners' untimely Application. This Court denied the motion in a per curiam memorandum and order of this Court dated December 8, 2021. We recognized that, generally, an order denying an untimely application for reconsideration is a nullity, from which an appeal cannot be maintained. *See Ciavarra v. Commonwealth*, 970 A.2d 500 (Pa. Cmwlth. 2009) (Board of Finance and Review lacked jurisdiction to act on application for reconsideration after period for taking appeal has passed). The instant matter was distinguishable from the general rule, however, because Petitioners filed their Application seeking reconsideration *nunc pro tunc*, and the Secretary was empowered to make such a determination.

We also noted our concern that DHS, while understanding that the Secretary lacks jurisdiction to issue orders disposing of untimely applications for reconsideration, continues to issue such orders, advises the losing party of its right to appeal to this Court, and then seeks to dismiss the appeal for lack of jurisdiction.

## II. Issues

On appeal,[10] Petitioners argue that the Secretary abused her discretion in denying their *nunc pro tunc* Application.[11]

## III.  Discussion

A party's failure to timely appeal an administrative agency's action creates a jurisdictional barrier to further review of that action. *C.S. v. Dep't of Pub. Welfare*, 879 A.2d 1274, 1279 (Pa. Cmwlth. 2005).  Statutory appeal deadlines are mandatory, which "may not be extended as a matter of grace or mere indulgence." *Hudson v. Dep't of Transp., Bureau of Driver Licensing*, 830 A.3d 594, 598 (Pa. Cmwlth. 2003).  The party seeking *nunc pro tunc* relief for an untimely appeal must demonstrate that the delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, the petitioner's counsel, or a third party. *Id.*  The party must also establish that (1) the appeal was filed within a short time after learning of, and having an opportunity to address, its untimeliness; (2) the elapsed time period is of short duration; and (3) the other party is not prejudiced by the delay. *J.C. v. Dep't of Pub. Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998).  A party's subjective misunderstanding or confusion regarding his or her appeal rights cannot, by itself,

---

[10] Our standard of review of the Secretary's order denying reconsideration is narrow and limited to considering whether the Secretary abused her discretion. *B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015).

[11] Petitioners also argue the merits of their underlying claim regarding CYS's denial of adoption assistance.  Although Petitioners sought this Court's review of the Secretary's April 13, 2021 order denying reconsideration, they did not petition for review of the ALJ's July 9, 2019 Final Order within 30 days of that date, as required by Pa.R.A.P. 1512(a)(1).  As a result, this Court is limited to reviewing whether the Secretary abused her discretion in denying reconsideration, and we will not further address the merits of Petitioners' underlying claim.

justify extension of a mandatory appeal period. *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 922 A.2d 1034, 1036 (Pa. Cmwlth. 2007).

An order granting or denying a request for reconsideration is a matter of administrative discretion that will not be reversed, absent an abuse of that discretion. *Keith v. Dep't of Pub. Welfare*, 551 A.2d 333 (Pa. Cmwlth. 1988). An abuse of discretion occurs where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is the result of partiality, prejudice, bias, or ill will. *B.B.*, 118 A.3d at 485.

Petitioners have not asserted that the Secretary failed to apply the law, or that her order denying reconsideration was the result of partiality, prejudice, bias, or ill will. Rather, they contend that the Secretary's failure to consider their Application *nunc pro tunc* was "manifestly unjust[,]" in light of the "constant and pro-active" actions taken by their counsel. Petitioners submit that the focus in this matter should be the "best interests of" Petitioners' children. While we appreciate Petitioners' perspective, our review in this matter is narrowly confined to the issue of whether the Secretary abused her discretion in denying reconsideration.

The facts presented here are similar to, but ultimately distinguishable from, our decision in *B.B.*, 118 A.3d at 486, in which this Court reviewed the merits of a petitioner's *nunc pro tunc* application for reconsideration and whether the Secretary of Public Welfare[12] (DPW Secretary) abused her discretion in denying the application. The petitioner's appeal to the BHA, which he filed three days late, challenged his placement on a statewide registry as a perpetrator of child abuse. B.B.'s counsel testified at a hearing before an ALJ that the appeal was late because he had been absent from work following emergency eye surgery. The ALJ

---

[12] DPW was redesignated DHS by the Act of September 24, 2014, P.L. 2458.

recommended dismissing the appeal, as the petitioner failed to show that his delay in filing was due to non-negligent circumstances. The BHA adopted the ALJ's recommendation, and B.B. sought reconsideration from the DPW Secretary, who denied reconsideration for the reasons cited by the BHA. This Court reversed after concluding that the unchallenged testimony of B.B.'s counsel was sufficient to establish non-negligent reasons for the late appeal. As the BHA erred in denying B.B.'s request to appeal *nunc pro tunc*, the DPW Secretary erred in denying reconsideration.

Instantly, the Secretary's order simply denies Petitioners' Application as untimely, and she does not identify the Application as one seeking *nunc pro tunc* relief, nor does her order indicate that such relief was considered and rejected as groundless. For their part, Petitioners' have failed to identify how the Secretary's denial of reconsideration was manifestly unjust, beyond a nebulous reference to the legal representation provided by their counsel. While we are troubled by the Secretary's failure to address Petitioners' clearly identified request for *nunc pro tunc* relief, we must ultimately conclude that the Secretary did not, in this instance, abuse her discretion in denying reconsideration, as Petitioners' Application presents no basis for the relief sought.

Instantly, the BHA's July 9, 2019 Final Order specifically provided that either party had 15 calendar days from that date to request reconsideration by the Secretary. C.R., Item No. 6. Petitioners instead elected to file a civil complaint with the District Court on February 6, 2020,[13] based on their understanding that they had exhausted

___

[13] Although Petitioners assert in their Application that they filed the civil complaint in District Court "[i]mmediately" after the ALJ issued the July 9, 2019 Final Order, it was, in fact, filed approximately seven months after that date, on February 6, 2020. C.R., Item No. 7, ¶ 5. It is also noteworthy that the District Court's March 10, 2021 decision dismissing Petitioners' civil **(Footnote continued on next page…)**

their available administrative remedies. In its April 6, 2020 motion to dismiss the civil complaint, CYS asserted that Petitioners should have requested reconsideration before seeking a judicial remedy, putting Petitioners on notice that they had not, in fact, exhausted their administrative remedies.

Although Petitioners clearly identified that their Application sought *nunc pro tunc* relief, the contents of the Application largely reiterate the arguments made, and lost, in the underlying appeal disposed of in BHA's July 9, 2021 Final Order. Petitioners' subjective misunderstanding regarding their available administrative remedies does not justify an approximate 18-month extension of the 15-day limitation established in Section 275.4(h)(4)(ii) of the DHS regulations, particularly given that the first page of the Final Order detailed the process by which Petitioners could seek reconsideration from the Secretary.

For these reasons, we affirm the Secretary.

_____
ELLEN CEISLER, Judge

---

complaint cited the 15-day time limit established in Section 275.4(h)(4)(ii) of the DHS regulations for seeking reconsideration, and yet Petitioners waited an additional 21 days before filing their Application with the Secretary.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warren Baker and Linda Baker, : 
                     Petitioners : 
                         : 
        v. :  No. 498 C.D. 2021
                         : 
Department of Human Services, : 
                     Respondent : 

# O R D E R

AND NOW, this 2nd day of May, 2022, the April 13, 2021 order of the Secretary of Human Services is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge