*City of New Castle,* 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988). The Commission's actions clearly did not affect the Ulrichs' material rights and enjoyment of the Property.

This Court finds no error by the Board and accordingly affirms its decision.

## ORDER

AND NOW this 3rd day of November, 1989, the decision of the Board of Property is affirmed.

565 A.2d 862

**J.S., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 1989.

Decided Nov. 6, 1989.

Robert L. Walsh, Walsh & Menapace, Sunbury, for petitioner.

Belinda M. Davis, Asst. Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, and PALLADINO (P.), and SMITH, JJ.

SMITH, Judge.

J.S. (Petitioner) appeals an order of the Director of the Office of Hearings and Appeals, Department of Public Welfare (DPW) which denied Petitioner's request to expunge an indicated report of child abuse filed by the Northumberland County Children and Youth Services (NCCYS) pursuant to the Child Protective Services Law [1] (Law). The order of DPW is affirmed.

On September 29, 1987, A.D., a five year old child born March 2, 1982, was brought to the emergency room of Geisinger Medical Center for examination based upon a report of suspected child abuse. She was examined, evaluated and photographed. As a result of the examining physician's diagnostic impression of suspected child abuse and an investigation by NCCYS, an indicated report of child abuse was filed against Petitioner. Thereafter, Petitioner requested that DPW expunge the indicated report pursuant to Section 15(d) of the Law, 11 P.S. § 2215(d). After a

1. Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§ 2201–2224.

hearing on this matter, the hearing officer recommended that the request for expungement be denied. The Office of Hearings and Appeals (OHA) adopted this recommendation in its order of November 8, 1988. A timely appeal was filed with this Court.[2]

Child abuse is defined as "serious physical or mental injury which is not explained by the available medical history as being accidental...." Section 3 of the Law, 11 P.S. § 2203. Serious physical injury is further defined at 55 Pa.Code § 3490.4 as:

An injury caused by the acts or omissions of a perpetrator which does one of the following:

(i) Causes the child severe pain;

(ii) Significantly impairs the child's functioning, either temporarily or permanently;

(iii) Is accompanied by physical evidence of a continuous pattern of separate, unexplained injuries to the child.

The first issue presented for review is whether substantial evidence exists to support the denial of expungement. The hearing officer considered evidence from several sources. NCCYA caseworker Melanie Latsha (Latsha) testified that she interviewed A.D. at her school. She also observed the child's physical appearance and photographed her for the record. Latsha further testified that when she visited A.D. at school, the child did not sit very well and that when A.D. did sit down, she did so "very, very, easily." N.T., p. 32. Latsha also testified that A.D. stated her bruises hurt a lot. N.T., pp. 20–21.

---

2. This Court's scope of review in an appeal from a DPW order denying expungement of an indicated report of child abuse is limited to a determination of whether Petitioner's constitutional rights have been violated, the administrative adjudication is consistent with law and the necessary findings of fact are supported by substantial evidence. *Dauphin County Social Services For Children and Youth v. Department of Public Welfare,* 117 Pa.Commonwealth Ct. 305, 543 A.2d 607 (1988). Substantial evidence as defined in the context of child abuse expungement proceedings is evidence that "so preponderates in favor of a conclusion that it outweighs, in the mind of the factfinder, any inconsistent evidence and reasonable inferences drawn therefrom." *Children & Youth Services Division v. Department of Public Welfare,* 103 Pa.Commonwealth Ct. 616, 622–23, 520 A.2d 1246, 1249 (1987).

Petitioner argues that Latsha's testimony concerning the child's statement to her constitutes a subjective evaluation by Latsha of the extent of A.D.'s injury rather than a record of what A.D. actually reported during the interview.[3] The distinction between the words reported on Children and Youth Exhibit CY–2 and Latsha's testimony amounts to an inconsequential factual distinction in this instance. The descriptive words, the "bruises hurt a lot" and the "injury hurt her very much and she cried" mean virtually the same thing. Petitioner also asserts that he administered the spanking to A.D. with his hand and not with a "beating stick" and therefore the striking of A.D. did not rise to such an egregious and severe level to warrant the finding of child abuse. It is irrelevant as to what instrument was used to cause A.D.'s injuries. The relevant matter is that A.D. suffered a serious injury which was not considered to be accidental as indicated in the Geisinger Medical Center report which reads as follows: "Ecchymosis on buttocks. Secondary to trauma R/O abuse. Doubt significant affect of ASA, but possible. Doubt other bleeding diathesis. I suspect *unnecessary excessive* punitive action." [4] (Emphasis in original.) Children and Youth Exhibit CY–5. *See also* Children and Youth Exhibits CY–4–A, B, C, D & E; N.T., pp. 39, 44–45, 52–53, 58.

Petitioner next asserts that the incident of September 27, 1987 involved nothing more than a reasonable exercise of parental discipline in the form of corporal punishment. Petitioner contends that DPW has failed to establish by substantial evidence that the spanking administered by him exceeded the limits of legally acceptable corporal punishment or reflected extreme conduct coupled with mali-

3. Children and Youth Exhibit CY–2 states that "[t]he child stated the injury hurt her very much and she cried," whereas Latsha testified on cross-examination at the hearing that A.D. stated to Latsha that her bruises hurt "a lot."

4. Echymosis is defined as a purplish patch caused by extravasation of blood into the skin; black and blue spot. Extravasation is defined as material in the tissues that has escaped from a blood vessel or lymphatic. Stedman's Medical Dictionary, 498, 568 (21st Ed.1970).

cious intent toward A.D.[5]  Absent a substantial risk of death, disfigurement, serious bodily injury, gross degradation, extreme pain or mental distress, parents or guardians may use corporal punishment to discipline their children provided that the parent does not act with malicious intent in punishing the child.  *Boland v. Leska,* 308 Pa.Superior Ct. 169, 454 A.2d 75 (1982).  Petitioner contends that the circumstances of the instant action are similar to those which occurred in *Appeal of E.S.,* 82 Pa.Commonwealth Ct. 168, 474 A.2d 432 (1984), where the parent attempted to administer corporal punishment to his son by striking him several times with a belt.  A subsequent examination revealed that the child had sustained a raised welt in the lower right-hand portion of his back when the child tried to avoid the blow of the belt.  The father's stated intent was to strike the child on the buttocks because he felt no serious injury would result to the child from such a blow.  This Court determined on those facts that the parent was attempting to discipline his son and found no impairment of the child's physical functioning nor a pattern of abuse or unexplained injuries.

Distinction can be made between the fact situation in *Appeal of E.S.,* and the case *sub judice.*  In *Appeal of E.S.,* medical testimony indicated no impairment of the child's physical functioning, either temporarily or permanently.  In the instant case, A.D. did not merely have bruises on her buttocks; rather she sustained, as photographs in the record indicate, black and blue marks over her entire buttocks area causing severe pain.  *See D.N. v. Department of Public Welfare,* 127 Pa.Commonwealth Ct. 580, 562 A.2d 433 (1989).  The spanking administered by J.S. to A.D. thus exceeded a reasonable exercise of parental discipline in the form of corporal punishment.

The decision to maintain the indicated report of child abuse is supported by substantial evidence and is accordingly affirmed.

5. Section 15(d) of the Law, 11 P.S. § 2215(d), provides that the burden of proof in expungement proceedings shall be upon the appropriate child protective service.

## ORDER

AND NOW, this 6th day of November, 1989, the order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare is affirmed.

CRUMLISH, Jr., President Judge, dissenting.

I respectfully dissent.

Without intending to diminish the serious nature of child abuse, I do not find sufficient evidence in this record to substantiate the filing of an indicated report. It may well be that this fair-skinned child sustained bruises from a single incident of spanking and, of course, experienced some measure of pain. However, this incident alone does not justify the stigma attached to the label of suspected child abuser. I believe the child protective services agency, in its zeal to perform its remedial function, has gone too far by designating this volitional exercise of common parental discipline as child abuse.

Accordingly, I would reverse the Department order and grant J.S.'s expungement request.