IN THE COMMONWEALTH COURT OF PENNSYLVANIA

K.G.,                                          :
                    Petitioner                 :
                                               :
             v.                                :    **CASE SEALED**
                                               :    No. 1101 C.D. 2017
                                               :    Argued: April 12, 2018
Department of Human Services,                  :
                    Respondent                 :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
PRESIDENT JUDGE LEAVITT                                FILED: May 18, 2018

             K.G. (Mother) petitions for review of an order of the Secretary of
Human Services denying her request for reconsideration of a decision of the
Department of Human Services' (Department) Bureau of Hearings and Appeals
(Bureau) to dismiss her appeal of an indicated report of child abuse.  The narrow
issue before this Court is whether the Secretary erred or abused his discretion in
denying reconsideration of the Bureau's dismissal order.   Because Mother does not
address the reason for the Bureau's dismissal, *i.e.*, her failure to respond to a rule to
show cause, we must affirm.

             The county Office of Children, Youth and Families filed an indicated
report of child abuse with the ChildLine and Abuse Registry.[1]  The report named
Mother as a perpetrator of physical abuse of her four-year-old child, J.L. (Child).

---

[1] ChildLine is a unit of the Department that operates a statewide toll-free system for receiving and
maintaining reports of suspected child abuse, along with making referrals for investigation. 55 Pa.
Code §3490.4.  The ChildLine Registry is maintained in accordance with the Child Protective
Services Law, 23 Pa. C.S. §§6301-6386.

Mother timely requested expunction of the indicated report and a hearing. An administrative law judge (ALJ) was assigned to hear Mother's appeal.

While her appeal was pending, Mother was charged with simple assault, 18 Pa. C.S. §2701(a)(1), and harassment, 18 Pa. C.S. §2709(a)(1). On February 14, 2017, Mother entered a plea of guilty to the harassment charge; the assault charge was *nolle prossed*. Based on Mother's guilty plea, the Office of Children, Youth and Families notified the Department that Mother's ChildLine report should be changed from indicated to founded. On April 17, 2017, the ALJ issued a rule to show cause to the Office of Children, Youth and Families to provide documentation, including relevant court orders, to support the founded report. On April 26, 2017, the Office of Children, Youth and Families provided the documents from Mother's criminal proceeding, including the information charging her with simple assault and harassment and a copy of the trial court's order sentencing Mother to pay a $300 fine for the harassment offense. Mother asserts that she never received her copy of these documents and, thus, believed they were still outstanding.

On May 4, 2017, the ALJ issued a rule to show cause to Mother to explain

> why the above-captioned appeal should go to a hearing rather than be dismissed as the status of the above-captioned ChildLine report was changed from indicated to founded. *[Section 6341 of the Child Protective Services Law,] 23 Pa. C.S.A.* [sic] *§ 6341 affords appellants a right to timely appeal indicated reports but the statute does not afford such a right with respect to founded reports.*

Certified Record (C.R.), Item No. 7 (emphasis added). The rule directed Mother to respond to the rule within 30 days with "a written response that specifically addresses the above concern including a concise explanation detailing the basis for

2

the party's argument that the appeal should not be dismissed." *Id.* The rule specifically stated that Mother's "failure to timely respond in writing will result in the dismissal of the above-captioned appeal." *Id.* Mother did not respond and, on June 14, 2017, the Bureau dismissed her appeal.[2] Mother did not petition for this Court's review of the Bureau's dismissal order.

On June 27, 2017, Mother filed an application for reconsideration of the Bureau's June 14, 2017, order with the Secretary of Human Services. Mother's sole argument for reconsideration was that she was entitled to an expunction hearing because the Office of Children, Youth and Families improperly changed her indicated report to founded based solely upon her conviction for harassment. On July 11, 2017, the Secretary issued an order denying reconsideration "for the reasons stated by the Bureau of Hearings and Appeals in its Final Administrative Action Order." C.R. Item No. 10. On August 10, 2017, Mother petitioned this Court to review the Secretary's order.

On appeal, Mother argues that the conduct for which she was convicted did not establish the level of bodily injury necessary to satisfy the definition of child abuse under the Child Protective Services Law, 23 Pa. C.S. §§6301-6386. Thus, her conviction could not serve as a legal basis for automatically changing the child abuse

---

[2] The Bureau's order stated:

> AND NOW, having received documentary evidence demonstrating that on February 14, 2017 … [Mother] was sentenced after pleading guilty to Harassment based on the same factual circumstances referenced in the above-captioned founded report, and after [Mother] having been afforded an opportunity to demonstrate that said conviction was not related to the above-captioned allegation of child abuse or that the outcome should not result in dismissal of this matter on the basis of collateral estoppel, the above-captioned appeal is hereby DISMISSED in accordance with 23 Pa. C.S.A. [sic] § 6303 as the report is founded.

C.R. Item No. 8.

3

report from indicated to founded. Mother asks this Court to vacate the Secretary's order denying reconsideration and remand for a hearing.

The Department responds that Mother's argument on the merits of the decision of the Office of Children, Youth and Families is beside the point. Mother did not respond to the rule to show cause or timely petition for review of the Bureau's dismissal of her appeal. The only issue properly before this Court is whether the Secretary erred or abused his discretion in denying Mother's request for reconsideration, and Mother does not address the merits of the Secretary's decision.

An agency's decision to grant or deny a request for reconsideration is a matter of discretion and will be reversed only where that discretion is abused. *Keith v. Department of Public Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988). An abuse of discretion will only be found where the evidence shows there was fraud, bad faith, capricious action or abuse of power. *J.B. Steven, Inc. v. Department of Transportation*, 627 A.2d 278, 280 (Pa. Cmwlth. 1993) (citing *Keith*, 551 A.2d at 336). Reversal of a denial of reconsideration requires a remand because we do not decide the merits.

In her brief, Mother argues that pleading guilty to the summary offense of harassment did not authorize the filing of a founded report in the ChildLine Registry. The Bureau dismissed her appeal of the indicated report because she did not reply to the rule to show cause. Mother did not petition for review of the Bureau's dismissal order.[3] The only question is whether the Secretary erred or

---

[3] As this Court noted in *Keith*, a party aggrieved by a Bureau order has four options: (1) do nothing; (2) appeal that order to this Court within 30 days; (3) seek reconsideration from the Secretary within 15 days; *or* (4) seek reconsideration from the Secretary within 15 days *and* appeal the final order to this Court within 30 days. *Keith*, 551 A.2d at 335. Those seeking review of the merits of a Bureau adjudication must file a petition for review with this Court. *Id.* at 337 n.8. Mother did not do so, making an appeal of the merits of the June 14, 2017, order untimely.

abused his discretion in denying reconsideration of the Bureau's dismissal on grounds that Mother did not respond to the rule to show cause. Neither Mother's petition for review nor her brief address this question. Accordingly, Mother's challenge to the validity of the Secretary's decision has been waived. *See City of Philadelphia v. Workers' Compensation Appeal Board (Ford-Tilghman)*, 996 A.2d 569, 572 (Pa. Cmwlth. 2010) (noting that issues not raised in a party's petition for review and brief are deemed waived).

Notably, the Department also addresses the question of whether Mother's guilty plea established the basis for a founded report. The harassment charge was for "Harrassment/Strike, Shove, Kick, Etc." C.R. Item No. 6, at 6. The criminal information further stated:

> The Actor did, with intent to harass, annoy or alarm another person, namely, [Child] (DOB 1/18/12), strike, shove, kick and/or otherwise subject[] said person to physical contact or attempted or threatened to do the same by striking said victim multiple times.

*Id.* The Department observes that excessive spanking constitutes child abuse. *See, e.g.*, *J.S. v. Department of Public Welfare*, 565 A.2d 862, 864 (Pa. Cmwlth. 1989). According to the Department, the actions that supported the conviction for the summary offense of harassment constituted child abuse. We will not address the Department's position because it is beyond the scope of the instant appeal.

As this Court has held, the Child Protective Services Law does not give perpetrators named in a founded report the right to appeal that report to the Bureau. *D.M. v. Department of Public Welfare*, 122 A.3d 1151, 1155 n.3 (Pa. Cmwlth. 2015). However, the perpetrator has a remedy under the Administrative Agency Law, 2 Pa. C.S. §§501-508, 701-704, to a determination of "whether or not the underlying

5

adjudication supports a founded report that the named perpetrator is responsible for the abuse." *J.G. v. Department of Public Welfare*, 795 A.2d 1089, 1093 (Pa. Cmwlth. 2002). The indicated report naming Mother as a perpetrator has been dismissed, but this does not foreclose Mother's ability to challenge the founded report under the *aegis* of the Administrative Agency Law.[4] That is the appropriate vehicle for determining whether the adjudication of the summary offense of harassment by Mother constituted an adjudication of child abuse by Mother. That question, which requires the development of a record, is not before us in this appeal.

For all of the reasons discussed above, we affirm the Secretary's order denying reconsideration.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] The General Rules of Administrative Practice and Procedure, Title 1 Pennsylvania Code, Part II, Chapters 31-35, would apply to an administrative hearing on a founded report under the Administrative Agency Law.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

K.G.,                                        :
           Petitioner          :
                                   :
          v.                        :    **CASE SEALED**
                                   :    No. 1101 C.D. 2017
Department of Human Services,                :
            Respondent          :

# **O R D E R**

AND NOW, this 18th day of May, 2018, the order of the Secretary of Human Services in the above-captioned matter dated July 11, 2017, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge