# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elaine Mickman,                 :
            Petitioner      :
                            :
          v.                :    No. 1039 C.D. 2022
                            :    Submitted: October 10, 2023
Department of Human Services,    :
            Respondent    :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                    **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                    **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: November 30, 2023**

Elaine Mickman (Petitioner), pro se, petitions for review of a Final Administrative Action Order (Order) of the Department of Human Services' (Department) Bureau of Hearings and Appeals (BHA) affirming an Administrative Law Judge's (ALJ) Adjudication (Adjudication), which: sustained Petitioner's appeals of the Department's reduction of Petitioner's Supplemental Nutrition Assistance Program (SNAP) benefits in January and February 2022, but stated no remedy was available because Petitioner received all SNAP benefits for which her household was eligible, and denied Petitioner's appeal of the Department's denial of Petitioner's application for Low Income Home Energy Assistance Program (LIHEAP) benefits. Petitioner also challenges the Secretary of Human Services' (Secretary) denial of reconsideration. After review, we are constrained to affirm.

## I. BACKGROUND

Petitioner receives SNAP benefits as a two-person household for herself and her adult son (Son). (Findings of Fact (FOF) ¶ 1.) Both Petitioner and Son meet the criteria under SNAP to be considered individuals with disabilities. (*Id.* ¶ 2.) Petitioner receives monthly Supplemental Security Income (SSI) and a monthly State Supplemental Payment (SSP). (*Id.* ¶ 7.) Son receives a monthly Retirement Survivors Disability Insurance (RSDI) benefit, earns income from a part-time position at Lightbox, LLC (Lightbox), and is a full-time college student. (*Id.* ¶¶ 3, 4, 8.)

In January 2022, Petitioner received a notice from the Department informing her that due to a cost of living adjustment (COLA) increase to her SSI benefits and Son's RSDI benefits, her household SNAP benefits were decreasing from $445 to $389 per month effective February 2022 (January 2022 SNAP Notice).[1] (Certified Record (C.R.) at 11; FOF ¶¶ 9-10.) Around this same time, Petitioner applied for LIHEAP benefits and indicated on the application that she did not want the Department to use the income from her SNAP file; instead, Petitioner provided her and Son's monthly SSI and RSDI benefits for 2021 and 2020 but did not list Son's earned income from his part-time position at Lightbox as household income. (FOF ¶¶ 21-25.) Because Petitioner indicated the Department may not use her SNAP file, the Department consulted its automated sources to verify Petitioner's household income for December 2021. (*Id.* ¶ 26.) The Department discovered during the LIHEAP income verification process that Son's income was higher than what the Department previously accounted for in calculating Petitioner's SNAP benefits in the January 2022 SNAP Notice. (*Id.* ¶¶ 27, 29-30.) The Department then

---

[1] BHA Docket No. 460352809-017.

recalculated Petitioner's household income for SNAP benefits with Son's updated earned income and sent Petitioner a letter in February 2022 informing her that her SNAP benefits were decreasing from $389.00 to $339.00 per month effective February 2022 (February 2022 SNAP Notice).[2] (C.R. at 20; FOF ¶¶ 29, 31.) The Department also sent Petitioner a letter in February 2022 informing her that she was not eligible for LIHEAP benefits because her household income was over the threshold (LIHEAP Notice).[3] (C.R. at 31; FOF ¶ 35.)

A. ALJ Hearing

Petitioner appealed the January 2022 SNAP Notice, the February 2022 SNAP Notice, and the LIHEAP Notice. The ALJ held a consolidated hearing on all three matters in March 2022. The Department presented an Income Maintenance Caseworker (Caseworker) and an Income Maintenance Supervisor (Supervisor) to testify. Caseworker testified that in calculating Petitioner's SNAP eligibility for both the January 2022 SNAP Notice and February 2022 SNAP Notice, the Department calculated Petitioner's total household income using: (1) Son's earned income from his part-time position at Lightbox; (2) Petitioner's SSP benefit; (3) Son's RSDI benefit after COLA; and (4) Petitioner's SSI benefit after COLA. The Department then subtracted a 20% earned income deduction and a standard deduction. Further, the Department deducted shelter expenses and a utility allowance. (Hearing Transcript (Hr'g Tr.) at 18-19, 35-39, 47-51.[4]) Caseworker and Supervisor did not provide testimony as to the Department's calculation of

---

[2] BHA Docket No. 460352809-018.

[3] BHA Docket No. 460352809-019.

[4] The transcript of the March 30, 2022 hearing is item 9 of the Certified Record, beginning on page 149 thereof.

Petitioner's medical expenses for purposes of that deduction. (FOF ¶ 42.) Caseworker stated that the only difference between the calculation of SNAP benefits prompting the January 2022 SNAP Notice and the calculation of SNAP benefits prompting the February 2022 SNAP Notice was the Department's discovery of Son's updated earned income from his part-time position at Lightbox. (Hr'g Tr. at 51.) For the updated figure, Supervisor testified that the Department averaged Son's hours and wages from an Equifax report, which the Department determined to be $560.00, and not $420.00 as previously projected. (*Id.* at 68-69.)

Caseworker also testified to the calculation of Petitioner's eligibility under LIHEAP, which included Petitioner's SSI benefit, Petitioner's SSP benefit, Son's updated earned income figure of $560.00 from his part-time position at Lightbox, and Son's RSDI benefit. (*Id.* at 63-64.) Caseworker further testified that the Department did not consider Petitioner for categorical eligibility under LIHEAP because LIHEAP eligibility is based on the number of persons in the household and the household's gross income. (*Id.* at 64-65.) Last, Supervisor testified that because Petitioner indicated on her LIHEAP application that the Department may not use the income on file for her SNAP benefits to determine LIHEAP eligibility, the Department used their cross-matching system and Equifax to verify Petitioner's income instead. (*Id.* at 68-69.)

Petitioner argued that the Department should not have used Son's earned income from his part-time position at Lightbox as household income to determine SNAP benefits and LIHEAP eligibility and instead should have considered it exempt from household income as work-study income. (*Id.* at 27-32, 42-43, 59, 66-68.) Petitioner also presented a witness, Son's Manager, who testified that Son is paid twice per month, his pay was steady through the months in question, he earned

4

$560.00 per month, and the source of his wages is privately funded. (*Id.* at 34, 52-54, 60-63.) Petitioner further argued the February 2022 SNAP letter was untimely. (*Id.* at 56-57.) Petitioner also contended that the Department did not take all her medical expenses into account for a medical expense deduction, or expenses for a dependent care deduction, although she acknowledged she was not sure if she qualified for the latter. (*Id.* at 31, 59, 77.) Petitioner then argued that in determining LIHEAP eligibility, the Department should not have used any income information from her SNAP file because she indicated such on her LIHEAP application, and the criteria is different for SNAP and LIHEAP eligibility. (*Id.* at 52, 55, 59, 61-62, 69-71.) Last, Petitioner argued that the Department is to consider categorically eligible households for LIHEAP. (*Id.* at 65-68.) Petitioner did not dispute the amount of gross monthly unearned income that she and Son receive, the COLA, or the amount of her shelter expenses or utilities. (*Id.* at 33, 44-45.)

At the conclusion of the hearing, the ALJ left the record open for the parties to submit exhibits. The Department submitted a SNAP transcript from January 1, 2022, to April 13, 2022, showing SNAP payments paid to Petitioner during that time period. (Exhibit (Ex.) C-1, C.R. at 35.) The Department also submitted SNAP computations for the January 2022 and February 2022 Notices, which showed Petitioner's medical expenses did not meet the threshold requirement for a medical expense deduction, a copy of Petitioner's completed LIHEAP application, the Department's LIHEAP eligibility calculation for Petitioner, and the Equifax report that updated Son's earned income from his part-time position at Lightbox. (Exs. C-2, C-3, C-4, C-5, and C-6, C.R. at 37-47.) Petitioner submitted verification for out-of-pocket medical expenses for herself and Son, verification of the consistency of Son's income from his part-time position at Lightbox, Son's status as a student, and

5

various excerpts of documents from the United States Department of Health and Human Services' Office of Community Services, which explains that states may consider categorical eligibility for LIHEAP. (Exs. A-1, A-2, A-3, and A-4, C.R. at 49-64.)

B.    ALJ Adjudication

The ALJ issued an Order on April 22, 2022, sustaining Petitioner's appeals for the January 2022 SNAP Notice and the February 2022 SNAP Notice, and denying Petitioner's appeal for the LIHEAP Notice, which the BHA affirmed in its April 25, 2022 Order. (C.R. at 66-67.)

In the accompanying Adjudication, for the appeals related to the January 2022 SNAP Notice and the February 2022 SNAP Notice, the ALJ first explained that the Department is obligated to recalculate SNAP benefits when it becomes aware of changes to a household's income. (C.R. at 136.[5]) The ALJ also noted that Son's earned income was properly considered as household income because it did not qualify as work-study income. (*Id*. at 136-37.)

For the January 2022 SNAP Notice, the ALJ noted the Department's medical expense calculation for Petitioner was "uncertain," as the Department did not testify "regarding the process [it] used to reach that amount[.]" (*Id*. at 137-39.) Therefore, the ALJ concluded the appeal relating to Petitioner's January 2022 SNAP Notice must be sustained based on the Department's lack of evidence regarding its medical expense calculation. (*Id*. at 138-39.) However, the ALJ explained "that due to the [COVID]-19 Public Health Emergency, all SNAP households are currently receiving the maximum benefit for their household size, and the SNAP transcript

---

[5] The Adjudication is not paginated. Therefore, we will cite to the corresponding page of the Certified Record.

provided by the Department verifies [Petitioner]'s household is receiving all the SNAP benefits [it is] eligible to receive." (*Id.* at 138.) Thus, the ALJ concluded there was no further relief that the ALJ could order. (*Id.*)

The ALJ explained that the Department sent the February 2022 SNAP Notice "on February 3, 2022, proposing to reduce [Petitioner's] February 2022 SNAP benefits. The effective date of [this Notice wa]s February 1, 2022. . . . [Petitioner] is entitled to a timely and adequate advance notice, and in this case, she did not receive one." (*Id*. at 139.) Thus, due to the untimely nature of the February 2022 SNAP Notice, the ALJ sustained Petitioner's appeal as to it. (*Id*.) However, because "[t]he Department issued supplemental SNAP benefit[s] to [Petitioner] on March 30, 2022, which increased her SNAP benefit to at least the maximum benefit for her household size for March 2022," the ALJ reasoned "there is no remedy the ALJ can order." (*Id*. at 139.)

With regard to Petitioner's appeal of the LIHEAP Notice, the ALJ explained that Pennsylvania considers households eligible for LIHEAP when their income does not exceed 150% of the federal poverty level. (*Id*. at 141.) The ALJ calculated Petitioner's eligibility by annualizing Petitioner's household income for December 2021, and came to the same conclusion as the Department that Petitioner's household income exceeded the threshold limit for eligibility. (*Id*. at 139-40.) The ALJ also reiterated that Son's earned income from his part-time position at Lightbox was properly considered in Petitioner's gross household income, and further stated that Son's earned income for December 2021 was actually $700.00 and not $560.00, although the Department and ALJ used the lesser figure in their calculations. (*Id*. at 140.) Therefore, the ALJ denied Petitioner's appeal of the LIHEAP Notice. (*Id*. at 141.)

7

Petitioner filed a timely Petition for Review with this Court and simultaneously sought reconsideration, which the Secretary denied. (C.R. at 143-45, 148.)

## II. ANALYSIS

On appeal,[6] Petitioner asserts the BHA erred in its calculation of her SNAP benefits for a variety of reasons and in finding her household was ineligible for LIHEAP. She also challenges the Secretary's denial of reconsideration. We address each issue, in turn.

### A. SNAP

In relation to her SNAP benefits, Petitioner argues that Son's income from his part-time position at Lightbox should be considered work-study income, which is exempt from household income, since Son is a student who lost his work-study program due to the COVID-19 pandemic and this income was used for "school expenses." (Petitioner's Brief (Br.) at 7.) Petitioner also contends the Department should have only reduced her SNAP benefits by 5.9%, which was equivalent to the COLA increase, instead of 12.5%. (*Id*. at 9.) Petitioner further contends that the BHA should not have considered information relating to Son's income obtained during the LIHEAP application process to adjust Petitioner's SNAP benefits in the February 2022 SNAP Notice. (*Id*.) In addition, Petitioner argues the BHA erred by using gross income rather than net income when it used income information obtained

---

[6] Our review "is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law[,] and whether necessary findings of fact are supported by substantial evidence." *McBride v. Dep't of Pub. Welfare*, 960 A.2d 203, 205 n.3 (Pa. Cmwlth. 2008).

from the LIHEAP investigation to recalculate SNAP benefits. (*Id.* at 9-10.) Finally, Petitioner asserts she did not receive the benefit of all the deductions to which she was entitled. Petitioner seeks restoration of "under-calculated and withheld SNAP benefits." (*Id.* at 14.)[7]

The Department responds that Petitioner is not an aggrieved party regarding her SNAP benefit appeals because BHA sustained her appeals and directed the Department to restore Petitioner's benefits to the amount she was receiving prior to the reductions. (Department's Br. at 11.) Accordingly, the Department argues Petitioner lacks standing to challenge the BHA Order under Rule 501 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 501.[8] (*Id.*)

As it is a threshold issue, we begin with Department's contention the Petitioner is not aggrieved by the Order, at least to the extent it involves her SNAP benefits. "[A] person who is not adversely affected in any way by the matter [they] seek[] to challenge is not 'aggrieved' thereby[.]" *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975). "A prevailing party that disagrees with the legal reasoning of an order or a court or agency . . . lacks standing

---

[7] Petitioner also argues in her brief that the BHA erred in not granting retroactive SNAP benefits for the months of September 2021 through December 2021 based on miscalculation of income and that she had been assessed an overpayment, which had been recouped against her monthly SNAP benefits "for several years." (Petitioner's Br. at 8, 10.) Petitioner also voiced these arguments at the hearing before the ALJ, who advised Petitioner that SNAP benefits from September 2021 through December 2021 were **not appealed**. (C.R. at 169-74, 206-07.) While Petitioner contends she appealed his determination, (Petitioner's Br. at 10), unfortunately, the record does **not contain** any appeals for Petitioner's SNAP benefits for those months or for any overpayments resulting in recoupment. As such, we cannot conclude the BHA erred. *See Pa. State Corr. Officers Ass'n v. Commonwealth*, 976 A.2d 1236, 1238 (Pa. Cmwlth. 2009) ("Pa.R.A.P. 1551(a) provides that any issue not raised before a 'government unit' is considered waived on appeal.").

[8] Rule 501 provides "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order . . . may appeal therefrom." Pa.R.A.P. 501.

to appeal because it is not adversely affected by the order." *Maple St. A.M.E. Zion Church v. City of Williamsport*, 7 A.3d 319, 322 (Pa. Cmwlth. 2010).

Upon review of the SNAP transcript, under the law, Petitioner here is not aggrieved; she was not adversely affected by the Order as it relates to the SNAP benefits because no further relief can be directed as to them. In January 2022, which was before the reduction was scheduled to occur, Petitioner received her full $445.00 in SNAP benefits -- $401.00 payable to her and $44.00 withheld for recoupment of a prior overpayment.[9] (C.R. at 35.) In addition to her regular SNAP benefits, on January 28, 2022, Petitioner received the additional $95.00 SNAP Emergency Allotment authorized as part of federal legislation related to the COVID-19 pandemic.[10] (*Id.*) Although Petitioner was originally only issued $339.00[11] on February 11, 2022, $306.00 payable to her and $33.00 withheld for recoupment, on February 26, 2022, Petitioner received an additional $120.00 "SNAP Emergency Allotment[] due to COVID-19," which brought her monthly total up to $459.00, which was the maximum benefit amount for a two-person household at that time. (*Id.*; Supplemental Nutrition Assistance Program Maximum Monthly Allotments, *available at* https://fns-prod.azureedge.us/sites/default/files/resource-files/2022-SNAP-COLA-%20Maximum-Allotments.pdf#page=2 (last visited Nov. 29, 2023).)

---

[9] *See* n.7, *supra*.

[10] States could apply to the United States Department of Agriculture (USDA) for supplemental emergency allotments. Pennsylvania initially applied on March 30, 2020, and was approved April 2, 2020. USDA Food and Nutrition Service, Pennsylvania: COVID-19 Waivers & Flexibilities, *available at* https://www.fns.usda.gov/disaster/pandemic/covid-19/pennsylvania (last visited Nov. 29, 2023). It applied and was approved for extensions through February 2023. *Id.* Through the emergency allotments, households received either $95.00 per month or the difference between what they normally received and the maximum benefit amount for a household of that size, whichever was greater. USDA Food and Nutrition Service, Changes to SNAP Benefit Amounts – 2023, Questions & Answers, *available at* https://www.fns.usda.gov/snap/changes-2023-benefit-amounts (last visited Nov. 29, 2023).

[11] This reflects the amount of the February 2022 SNAP Notice.

On March 30, 2022, Petitioner was issued $95.00 in supplemental benefits for the month of February. (C.R. at 35.) Thus, for the month of February 2022, Petitioner received the maximum allotment for a two-person household, and the supplemental payment of $95.00, albeit belatedly, and no further relief can be afforded.

March 2022 presents a similar situation. On March 14, 2022, Petitioner received $306.00 payable to her plus $33.00 withheld for recoupment, for a total of $339.00. (*Id.*) On March 29, 2022, Petitioner received an additional $120.00 "SNAP Emergency Allotment due to COVID-19," bringing her monthly total up to the maximum monthly allotment of $459.00 for a two-person household. (*Id.*) One day later, she was issued $95.00 in supplemental benefits for the month of March. (*Id.*) Therefore, identical to February 2022, Petitioner received $459.00, the maximum allotment for a two-person household, and the $95.00 supplemental payment, so no further relief can be granted.

Furthermore, the SNAP transcript reveals that on April 13, 2022, Petitioner's regular monthly benefit amount returned to $445.00, of which $410.00 was paid to her and $44.00 was withheld for recoupment. (*Id.*) This reflects the same amount Petitioner was receiving in January 2022, before the Notices were issued. (*Id.*) Thus, the SNAP benefits that Petitioner seeks to have restored in this appeal were restored and she is not aggrieved. Accordingly, the instant matter is unlike *Stern v. Department of Public Welfare*, 49 A.3d 26, 29 (Pa. Cmwlth. 2012), in which the Court rejected the Department's argument that the petitioner there lacked standing after the BHA sustained the petitioner's appeal because the petitioner sought retroactive benefits, which were not part of the relief granted. *Id.* Because Petitioner received all the relief she requested as to the SNAP benefits, we must dismiss her appeal as to those determinations only.

11

B.    LIHEAP

Petitioner also challenges the denial of her appeal of the LIHEAP Notice. Regarding income, Petitioner makes the same arguments above relating to her contention that Son's income should be excluded from her gross household income as work-study income.  (Petitioner's Br. at 11-12.)  She also argues that Son's income was not $700.00 in December 2021, as found by the Department.  (*Id*. at 12 (citing FOF ¶ 28).)  Petitioner further contends that income is irrelevant because her household should be considered categorically eligible for LIHEAP benefits.  (*Id*. at 13-14.)

The Department responds that Son's income was properly considered as earned income, as it does not qualify as work-study income under 55 Pa. Code § 601.82.  (Department's Br. at 14.)  The Department further contends that Petitioner did not provide testimony or other evidence that Son's earned income was used for college expenses.  (*Id*. at 15.)  Last, the Department argues Petitioner's LIHEAP application was properly denied because she did not meet the eligibility criteria, and Pennsylvania elected not to consider categorical eligibility for LIHEAP.  (*Id*. at 13-14, 16.)

At the hearing, Petitioner raised the same arguments as she raises now.  As the ALJ explained:

> In the Pennsylvania Code, the prescribed computations [to determine LIHEAP eligibility] are either [90] days prior to the date of application, or the [12] months prior, but the 2022 LIHEAP State Plan, which is determinate in this case, modified the annualized computation to include only the month before the month of application.  In this case, the Department received [Petitioner]'s LIHEAP application for the 2021-2022 program year on January 4, 2022. [Petitioner] indicated on her application that, although she was receiving SNAP benefits, she did not want the Department to use the income [it] had on file for her household, so [it] did not.  The Department utilized [its] automated sources to obtain [Petitioner]'s SSI amount . . . and [Son]'s RSDI

12

amount. . . . Adding those two undisputed amounts together and multiplying them by [12] results in an annualized figure[ that] . . . is [] less than the regulatory two-person LIHEAP income limit.

Also using [its] automated sources, the Department verified [Son]'s earned income from [his part-time position] . . . although [Petitioner] did not list it on her LIHEAP application. . . . In this case, the Department used $560.00 per month in gross earned income for [Son], which [it] determined based on what [it] termed his "usual" income. [Son]'s actual gross earned income earned from [his part-time position] for December 2021 was $700.00. . . .

Regulations require the Department to complete an annual income computation for LIHEAP purposes if an applicant household requests it. It is reasonable to assume that when a household is found ineligible based on the annualization of household income from the month prior to the month of application, the Department would complete an annual computation in an effort to find the household eligible for LIHEAP. In this case, the Department did not testify regarding the completion of an annual computation for [Petitioner]. Because [Petitioner] applied for the LIHEAP in January 2022, the [12]-month period prior to the month of application would be . . . from January 2021 through December 2021. . . . Using only the 2021 SSI and RSDI amounts [Petitioner] wrote on her application for herself and [Son] equates, as stated above, to an annual income amount . . . [that is] less than the . . . two-person LIHEAP income limit. Although the hearing record does not contain verification of [Son]'s gross earned income prior to October 15, 2021. . . his gross earned income from October 15, 2021, through December 31, 2021, the end of the actual annual income calculation period for LIHEAP, is $1,960.00. . . . [T]he annual income figure for [Petitioner]'s LIHEAP household. . . exceed[ed] the [] limit.

. . . . At the hearing, [Petitioner] contended her household should be considered categorically eligible for LIHEAP purposes because [it] receive[s] SNAP benefits[,] and she receives SSI. As an exhibit, [Petitioner] provided part of the Low[]Income Home Energy Assistance Act of 1981[, 42 U.S.C. §§ 8621-8630]. . . . [Petitioner] highlighted [S]ection [8624(b)(2)](A)(ii) and (A)(iii), which state LIHEAP payments can be made . . . to households where one or more individuals are receiving SSI or food stamps. [Petitioner] did not include Subsection [](b)(2)(B), which permits states to make payments only to households with incomes which do not exceed the greater of an amount equal to 150% of the poverty level for each State or an amount

13

equal to 60% of the State median income. . . . Between Subsection A and Subsection B of Section [8624] is the word "**or**," which allows the states the choice between making payments to households containing individuals who receive SSI or SNAP benefits, or limiting LIHEAP eligibility to households whose countable income falls at or below the 150% limit. Review of the 2022 State Plan indicates Pennsylvania opted to adopt the 150% income limit rather than the provision granting categorical eligibility for SSI and SNAP recipients. [55 Pa. Code § 601.31(1).] LIHEAP funding comes from the federal government to the states in the form of block grants, which allows Pennsylvania, as the grantee, to make choices regarding LIHEAP eligibility. In this case, [Petitioner]'s countable household income for LIHEAP purposes exceeds the 150% threshold for the 2021-2022 program year, and the Department's decision to deny her LIHEAP application is correct.

(C.R. at 139-41.) The ALJ's explanation and decision regarding Petitioner's LIHEAP application is correct.

The Department also properly considered Son's earned income from his part-time position as gross household income, as it does not qualify for the exemption under Section 601.84 of the Department's regulations. "Gross income" is defined in Section 601.82 of the Department's regulations as "the total earned and nonearned income of the household," including, pertinent here, "[e]mploye earnings[, which] are money, including wages, salaries, bonuses, commissions and tips, before taxes or other deductions, that a person receives for providing services on behalf of an employer." 55 Pa. Code § 601.82. Section 601.84 of the Department's regulations set forth various income exclusions. 55 Pa. Code § 601.84. Relevant here is the first exclusion, which provides "[t]he portion of an educational loan, grant or scholarship to an undergraduate student actually spent for tuition, books and other required educational fees, and the amount of income from other sources used to pay out-of-pocket expenses for books and other required educational fees" will not be

14

considered in the gross yearly income calculation for LIHEAP purposes. 55 Pa. Code § 601.84(1).

First, Petitioner did not submit evidence showing Son's income was used for college expenses, like books. Moreover, Section 601.84 requires the funds to be from "an educational loan, grant, or scholarship[,]" 55 Pa. Code § 601.84(1), and Son's income was privately funded, (FOF at 6). There is **no record evidence** showing Son's privately funded income was a loan, grant, or scholarship that was spent on books or other educational fees. Thus, under the plain language of the regulations, even accepting Petitioner's arguments as true, the exemption would not apply under these circumstances.

The Department further did not err in stating that Son earned $700.00 in December 2021 because there was substantial evidence in the record showing Son's income from the Department's Equifax report. Substantial evidence is evidence that "a reasonable mind can accept as adequate to support a conclusion." *Ehrhart v. Dep't of Pub. Welfare*, 632 A.2d 5, 7 (Pa. Cmwlth. 1993). The Equifax report shows that Son's income on December 15, 2021, was $280.00, and on December 31, 2021, was $420.00. (Ex. C-6.) Even so, the Department did not use this figure of $700.00 in their calculation of Petitioner's LIHEAP eligibility; instead, the Department used the lesser $560.00, Ex. C-5, which Petitioner acknowledged was Son's monthly earned income from his part-time internship, Petitioner's Br. at 12. Therefore, the Department correctly included Son's income in [its] LIHEAP eligibility calculation and, based on our review of Department's calculations, properly found that Petitioner's household did not qualify. Accordingly, we must affirm that determination.

15

C.    Reconsideration

Petitioner challenges the Secretary's denial of reconsideration.[12]    The Department contends that Petitioner failed "to provide any facts or legal support for her claim that the Secretary abused her discretion" in denying Petitioner's petition for reconsideration.  (Department's Br. at 17.)  Petitioner responds that the Secretary "rubber-stamp[ed]" the BHA's Order and failed to find that her SNAP benefits were undercalculated.  (Petitioner's Reply Br. at 6-7.)  Additionally, in relation to the LIHEAP appeal, Petitioner asserts the Secretary did not rectify the BHA's error in calculating Petitioner's household income and failed to find her household categorically eligible.  (*Id*. at 4-5.)

In reviewing a Reconsideration Order, our scope of review is limited to determining whether there was an abuse of discretion in denying the request for reconsideration.  *K.G. v. Dep't of Hum. Servs.*, 187 A.3d 276, 279 (Pa. Cmwlth. 2018).  "An abuse of discretion will only be found where the evidence shows there was fraud, bad faith, capricious action[,] or abuse of power."  *Id.*

Petitioner does not address how the Secretary abused her discretion aside from reasserting the same arguments about the undercalculation of SNAP benefits and her LIHEAP eligibility.  Petitioner did not show fraud, bad faith, capricious action, or abuse of power.  Because we must find that the Department issued all SNAP benefits to Petitioner for which a two-person household was eligible and correctly

---

[12] Petitioner filed a pro se communication with this Court on May 10, 2022, stating her intent to appeal the BHA's Order, which preserved her appeal date as May 10, 2022.  On July 12, 2022, the Prothonotary's Office sent Petitioner a notice of what steps she needed to complete to perfect her appeal.  Pursuant to that notice, Petitioner filed an ancillary petition for review on August 8, 2022, to which she attached the Secretary's subsequently issued order denying reconsideration.

16

determined that Petitioner is not eligible for LIHEAP benefits, the Secretary did not commit an abuse of discretion in denying reconsideration.

## III.   CONCLUSION

For the foregoing reasons, we are constrained to dismiss Petitioner's appeal as it relates to the SNAP determinations, affirm the BHA's Order as it relates to her LIHEAP benefits, and cannot disturb the Secretary's denial of reconsideration.

_____
**RENÉE COHN JUBELIRER,** President Judge

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elaine Mickman,                        :
              Petitioner       :
                        :
        v.               :   No. 1039 C.D. 2022
                        :
Department of Human Services,   :
           Respondent   :

## O R D E R

**NOW**, November 30, 2023, the Petition for Review (Petition) filed by Elaine Mickman (Petitioner) seeking review of the April 25, 2022 Final Administrative Action Order (Order) of the Department of Human Services' Bureau of Hearings and Appeals (BHA), as to BHA Docket No. 460352809-017 and BHA Docket No. 460352809-018, is **DISMISSED** as Petitioner is not aggrieved and therefore lacks standing. The Order as it relates to BHA Docket No. 460352809-019 is **AFFIRMED**. The June 1, 2022 Order denying reconsideration is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge