Peace of Mind Habilitative  :
Services, LLC,  :
          Petitioner  :
            :
            :
          v.  :
            :
Department of Human Services,  :   No. 1158 C.D. 2023
          Respondent  :   Submitted: December 9, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: January 8, 2025


Peace of Mind Habilitative Services, LLC (Petitioner) petitions this Court for review of the Secretary of Human Services' (Secretary) September 18, 2023 order denying Petitioner's request for reconsideration (Reconsideration Request) of the Department of Human Services' (Department) Bureau of Hearing and Appeals' (BHA) August 14, 2023 final order granting the Department's motion for summary judgment (Motion) and denying Petitioner's appeal (Final Order). Petitioner presents one issue for this Court's review: whether the Secretary[1] erred and/or abused her discretion by denying the Reconsideration Request and thereby permitting the BHA to issue sanctions in violation of Section 6100.81 of the

---

[1] Although Petitioner's brief asserts that the *trial court* erred, *see* Petitioner Br. at 6, as there is no trial court determination before this Court for review, and Petitioner otherwise refers to the Secretary's September 18, 2023 order, this Court will herein review the Secretary's order.

Department's Regulations, 55 Pa. Code § 6100.81 (relating to provider requirements for home and community-based services (HCBS)).  After review, this Court affirms.

The Department licenses community homes for individuals with intellectual disabilities or autism pursuant to Chapter 6400 of the Department's Regulations (Chapter 6400), 55 Pa. Code §§ 6400.1-6400.275, which establishes the minimum requirements to be licensed to operate such homes in the Commonwealth of Pennsylvania.  In order to bill the federal Medical Assistance (MA) Program for services provided to MA recipients in licensed community homes, providers must enroll in the MA Program.  In addition, providers must meet additional requirements set forth by the Department's Consolidated, Person/Family Directed Support, Community Living and Adult Autism Waivers (Waivers),[2] the terms of their Provider Agreements for Participation in Pennsylvania's Consolidated, Person/Family Directed Support, Community Living, and Adult Autism Waivers (Provider Agreement), and Chapter 6100 of the Department's Regulations (Chapter 6100), 55 Pa. Code §§ 6100.1-6100.805 (relating to services for individuals with an intellectual disability or autism).  To enroll in the Department's Waivers under Chapter 6100, an applicant must be in compliance with all applicable federal and state statutes and regulations.  Further, in order to deliver certain types of waiver services, an applicant must also possess a valid certification of compliance (license) issued pursuant to Chapter 6400.

On July 17, 2018, the Department issued Petitioner a license to provide residential HCBS to individuals with intellectual disabilities and enrolled Petitioner in the MA Program.  On November 26, 2018, the Department notified Petitioner

---

[2] "Through the Waivers, individuals who are eligible to receive services in an intermediate care facility for the intellectually disabled may instead receive services in their home and community.  The Waivers are designed to help persons with intellectual disabilities live more independently in their homes and communities." Department Position Paper at 1 (Reproduced Record at 287a); *see also* Section 6400.1 of the Department's Regulations, 55 Pa. Code § 6400.1.

2

that, as a result of numerous violations of Chapter 6400 discovered during the Department's HCBS September 17, September 28, and October 1, 2018 licensing inspections and Petitioner's failure to submit an acceptable plan to correct the violations, the Department revoked Petitioner's license.[3] Petitioner appealed from the license revocation to the BHA (BHA Docket No. 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), which held hearings on June 7 and August 23, 2019.[4] On January 19, 2021, the BHA denied Petitioner's license revocation appeal.[5] Petitioner neither requested reconsideration by the Secretary nor appealed to this Court. Therefore, the BHA's January 19, 2021 revocation adjudication became a final order on February 19, 2021.

On October 7, 2021, the Department issued a notice to Petitioner terminating its Provider Agreement because Petitioner did not possess a license required to provide residential HCBS as required by Sections 6100.52 and 6100.81(b)(4) of the Department's Regulations.[6] *See* Reproduced Record (R.R.) at 42a-44a. That same day, Petitioner appealed from the Department's October 7, 2021

---

[3] In addition, on December 18, 2018, the Department notified Petitioner that, because its license had been revoked, Petitioner was prohibited from providing Waiver services to any individual not then authorized for such services.

[4] Petitioner also appealed from the Department's December 18, 2018 new admissions ban to the BHA (BHA Docket No. 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); however, the parties agreed to stay further proceedings in that action until the license revocation appeal was resolved.

[5] The BHA also lifted the stay of Petitioner's appeal from the Department's new resident admissions ban and scheduled a hearing thereon for October 20, 2021. However, on October 7, 2021, the Department rescinded the December 18, 2018 notice banning new admissions rather than expend additional litigation resources given that the January 19, 2021 order rendered the new admission suspension issue in the December 18, 2018 notice moot. On October 25, 2021, the Department filed a Motion to Dismiss as Moot the new admissions ban (Dismissal Motion). On October 28, 2021, the BHA issued a rule to show cause directing Petitioner to respond to the Dismissal Motion within 10 days, presenting any legal argument and authority why the BHA should not dismiss Petitioner's appeal as moot. Because Petitioner did not respond to the rule to show cause, the BHA dismissed Petitioner's new admissions ban appeal.

[6] 55 Pa. Code §§ 6100.52 (relating to applicable statutes and regulations), 6100.81(b)(4) (relating to HCBS provider agreements).

Provider Agreement termination notice to the BHA (BHA Docket No. 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).

The parties conducted discovery relative to the Department's October 7, 2021 Program Agreement termination. On July 11, 2022, Petitioner filed its position paper with the BHA, detailing its disagreement with the Department's November 26, 2018 license revocation. On September 19, 2022, the Department filed its position paper with the BHA, together with the Motion, therein arguing that no material facts remain in dispute, and the Department is entitled to judgment in its favor as a matter of law. Specifically, the Department asserted that the Department revoked Petitioner's provider license, the BHA denied Petitioner's license revocation appeal, and Petitioner did not request reconsideration or appeal therefrom, thus Petitioner could not participate in the MA Program because it did not hold a valid license.

On December 28, 2022, an administrative law judge (ALJ) conducted a pre-hearing conference by telephone. On January 20, 2023, Petitioner filed its response to the Motion. On March 2, 2023, the Department filed a reply to Petitioner's response. On May 19, 2023, the ALJ recommended that the BHA grant the Motion and deny Petitioner's appeal. The BHA issued its Final Order affirming the ALJ's decision on August 14, 2023. On September 11, 2023, the Department received Petitioner's Reconsideration Request. By September 18, 2023 order, the Secretary denied the Reconsideration Request. Claimant appealed to this Court.

Petitioner argues that the Secretary erred and/or abused her discretion by denying the Reconsideration Request, and thereby permitting the BHA to sanction it in violation of Section 6100.81 of the Department's Regulations. Specifically, Petitioner contends that the Secretary did not consider its arguments regarding the BHA's failure to address Petitioner's allegations of the Department's

4

licensing officials' improper inspection, and Petitioner's willingness and ability to deliver non-licensed services that Petitioner remained qualified to provide.

The Department retorts that the Secretary properly denied reconsideration where Petitioner merely reargues facts and issues pertaining solely to its license revocation appeal, which the BHA resolved in the Department's favor on January 19, 2021, and, because Petitioner failed to request reconsideration or appeal from that order, the doctrines of issue and claim preclusion foreclose further consideration of those facts and issues. The Department declares that summary judgment was warranted based on the undisputed facts as applied to the law governing the Department's October 7, 2021 Provider Agreement termination.

Initially, this Court has explained:

> An agency's decision to grant or deny a request for reconsideration is a matter of discretion and will be reversed only where that discretion is abused. *Keith v. Dep*['t] *of Pub*[.] *Welfare*, . . . 551 A.2d 333, 336 ([Pa. Cmwlth.] 1988). An abuse of discretion will only be found where the evidence shows there was fraud, bad faith, capricious action or abuse of power. *J.B. Steven, Inc. v. Dep*['t] *of Transp*[.], . . . 627 A.2d 278, 280 ([Pa. Cmwlth.] 1993) . . . .

*K.G. v. Dep't of Hum. Servs.*, 187 A.3d 276, 279 (Pa. Cmwlth. 2018). Further,

> [t]his [C]ourt has described the standard for summary judgment as follows:
>
>> Summary judgment may be granted only where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. "In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." The scope of review of an order granting summary judgment is plenary. The standard of review provides we reverse . . . only where [the fact-finder] committed an error of

5

> law or clearly abused its discretion. To the extent the issues before us are questions of law, our standard of review is *de novo.* . . .
>
> *Belden & Blake Corp*[.] *v. Dep*[*'t*] *of Conservation* [*&*] *Nat*[.] *Res*[.], . . . 969 A.2d 528, 531 ([Pa.] 2009) (citations omitted) (citing Pa.R.C[iv.]P. [] 1035.2(1)) (quoting *Payne v. Dep*[*'t*] *of Corr*[.], . . . 871 A.2d 795, 800 ([Pa.] 2005)). The applicable "substantive law defines which facts are material" for the purposes of summary judgment. *Strine v. Commonwealth*, . . . 894 A.2d 733, 738 ([Pa.] 2006).

*John XXIII Home v. Dep't of Pub. Welfare*, 994 A.2d 636, 643 (Pa. Cmwlth. 2010).

In the instant matter, by executing the Provider Agreement, Petitioner agreed "[t]o comply with . . . federal and state statutes and [R]egulations that apply to the Waiver [p]rograms and [Petitioner], including but not limited to those governing participation in the Pennsylvania [MA] Program[.]" R.R. at 83a. The Department based its October 7, 2021 Provider Agreement termination on Sections 6100.52 and 6100.81(b)(4) of the Department's Regulations, asserting that without a valid license, Petitioner could no longer provide services under the Provider Agreement. *See* R.R. at 42a-44a. Section 6100.52 of the Department's Regulations mandates: "The provider shall comply with applicable [f]ederal and [s]tate statutes and regulations and local ordinances." 55 Pa. Code § 6100.52. Section 6100.81(b)(4) of the Department's Regulations provides that, "on an ongoing basis following [HCBS] provider enrollment, the . . . provider shall comply with . . . [a]pplicable licensure [R]egulations, including Chapter[] . . . 6400 . . . .]" 55 Pa. Code § 6100.81(b)(4). Section 6100.81(c) of the Department's Regulations specifies that "[e]vidence of compliance with applicable licensure [R]egulations in subsection (b)(4) is the **possession of a valid regular license** issued by the appropriate state licensure agency." 55 Pa. Code § 6100.81(c) (emphasis added).

6

Viewing the record in the light most favorable to the Department, and resolving all doubts as to the existence of a genuine issue of material fact against Petitioner, as this Court must, *see John XXIII Home*, Petitioner did not hold a valid license to provide residential habilitation HCBS when the Department issued its October 7, 2021 notice terminating Petitioner's Provider Agreement. In the absence of a valid license, Petitioner was no longer in compliance with the Provider Agreement. Therefore, the Department was entitled to judgment in its favor as a matter of law.

In its August 14, 2023 Final Order, the BHA adopted the ALJ's recommendation to grant the Motion and deny Petitioner's appeal from the Provider Agreement termination, reasoning:

> [O]n November 26, 2018, the Department revoked [Petitioner's] license to provide residential habilitation HCBS. [Petitioner] appealed and fully litigated the license revocation action. On January 19, 2021, the BHA denied [Petitioner's] appeal and [Petitioner] did not request reconsideration or file an appeal with the Commonwealth Court of Pennsylvania. Therefore, BHA's January 19, 2021[] adjudication serves as the final action on [Petitioner's] license revocation appeal. As a result of BHA's January 19, 2021[] decision, [Petitioner] no longer maintains a license to provide residential habilitation HCBS. The substantive law governing [Petitioner's] participation requires licensure, on an ongoing basis, to participate in the [MA P]rogram. Since [Petitioner] does not maintain a license to provide residential habilitation HCBS and has exhausted all administrative appeals to reinstate the license, the [ALJ] finds that there is no material fact in dispute, that has not been previously litigated and decided, upon which the BHA could grant [Petitioner's] requested relief.

ALJ Dec. at 10 (R.R. at 444a). This Court discerns no error in the BHA's reasoning and conclusion.

7

Petitioner's arguments on appeal from the Department's termination of its Provider Agreement focuses almost exclusively on its claims (previously made unsuccessfully before the BHA in the revocation appeal) that the BHA disregarded Petitioner's arguments related to the inspections underlying the revocation. *See* Petitioner Br. at 6-7. However,

> [t]he judicial doctrine of *res judicata* "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action." *Appeal of Coatesville Area Sch. Dist.*, . . . 244 A.3d 373, 378 ([Pa.] 2021). For the bar of *res judicata* to apply, both actions must have "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *Id.* at 379 (citations and internal quotation marks omitted). . . .
>
> Collateral estoppel bars re-litigation of an issue decided in a prior action. [*Id.*] at 379. Collateral estoppel may be applied only if both cases involve the same issue, the prior action was litigated to a final judgment on the merits, the party to be estopped was a party or was in privity with a party to the prior action and had a full and fair opportunity to litigate the issue in the prior action, and "resolution of the issue in the prior proceeding was essential to the judgment." *Id.*

*Clark v. Keystone Lawn Spray*, 302 A.3d 820, 824-25 (Pa. Cmwlth. 2023) (quoting *Pocono Mountain Sch. Dist. v. Kojeszewski (Workers' Comp. Appeal Bd.)*, 280 A.3d 12, 17-18 (Pa. Cmwlth. 2022)).

> Thus, "where particular questions of fact essential to the judgment are actually litigated and determined by a final valid judgment, the determination is conclusive between the parties in any subsequent action on a different cause of action." *Williams v. Workers' Comp. Appeal Bd. (S. Hills Health Sys.)*, 877 A.2d 531, 535 (Pa. Cmwlth. 2005) (quoting *Patel v. Workmen's Comp. Appeal Bd. (Sauquoit Fibers Co.)*, . . . 488 A.2d 1177, 1179 ([Pa. Cmwlth.] 1985)). "Application of [*res judicata* or] collateral

8

> estoppel in a particular case is a question of law . . . ." *Pa.*
> *Bd. of Prob. & Parole v. Pa. Hum. Rels. Comm'n*, 66 A.3d
> 390, 395 (Pa. Cmwlth. 2013).

*Clark*, 302 A.3d at 825.

Because Petitioner's arguments on appeal in this matter were fully litigated in Petitioner's license revocation appeal, the BHA ruled in the Department's favor, and Petitioner did not appeal therefrom, that determination is conclusive here. *See Clark*.

Based on the foregoing, the Secretary did not abuse her discretion by denying reconsideration of the BHA's Final Order granting the Motion and denying Petitioner's appeal. Accordingly, the Secretary's order is affirmed.

_____
ANNE E. COVEY, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peace of Mind Habilitative        :
Services, LLC,                     :
                    Petitioner     :
                                   :
          v.                       :
                                   :
Department of Human Services,      :    No. 1158 C.D. 2023
                    Respondent     :

# O R D E R

AND NOW, this 8th day of January, 2025, the Department of Human Services' Secretary's September 18, 2023 order is affirmed.


_____
ANNE E. COVEY, Judge